## 20880

Sarah A. GALLMON and David Irving, Respondents, v. AMERICAN EMPLOYERS' INSURANCE COMPANY and Curtis-Brooks d/b/a Curtis-Brooks Company Agency and Thrift-Company, Inc., of which American Empolyers' Insurance Company is, Appellant.

(252 S. E. (2d) 124)

February 12, 1979.

GREGORY, Justice :

Respondents Sarah A. Gallmon and David Irving brought this action against appellant American Employers' Insurance Company [A.E.I.C.] to determine coverage under a policy of automobile liability insurance issued by A.E.I.C. After the jury returned a verdict for A.E.I.C. the lower court granted respondents' motion for a judgment *non obstante veredicto* and found that the respondents were entitled to coverage. We reverse.

For purposes of appellate review, an order granting a motion under Circuit Court Rule 79 for a judgment *non obstante veredicto* is akin to an order granting a motion for a directed verdict. The evidence and all reasonable inferences therefrom must be viewed in the light most favorable to the party opposing the motion. Like a motion for a directed verdict, a motion for a judgment *non obstante veredicto* should be granted only when the evidence is susceptible of only one reasonable inference. A motion for a judgment *non obstante veredicto* should not be granted if the evidence is susceptible of more than one reasonable inference. *Grooms v. Zander,* 246 S. C. 512, 144 S. E. (2d) 909 (1965).

Viewed in this light, the facts disclosed by the record are as follows:

In 1972 A.E.I.C. issued a policy of automobile liability insurance under the Assigned Risk Plan to Ms. Gallmon. During the term of this policy Danny Alexander, Ms. Gallmon's boyfriend, was involved in an accident while operating Ms. Gallmon's automobile.

After renewing the policy for a second term A.E.I.C. discovered that according to official Highway Department records Alexander, a regular driver of the automobile, was only twenty four (24) years old. Based on this information Ms. Gallmon's risk was reevaluated by A.E.I.C. and she was billed for an additional premium. After Ms. Gallmon failed to pay the additional premium A.E.I.C. mailed to her a notice of cancellation for non-payment of premiums, effective April 1, 1974. In due time thereafter, A.E.I.C. cancelled the policy and mailed a refund of unearned premiums to Ms. Gallmon's insurance agent.

Alexander's birth certificate reveals that at the time A.E.I.C. reevaluated Ms. Gallmon's policy risk he was, in fact, twenty five (25) years old. No attempt was made by either party to explain the inconsistency between Alexander's birth certificate and the Highway Department records.

On April 27, 1974 Ms. Gallmon's automobile was involved in a second accident while being driven by respondent Irving. This action was initiated after A.E.I.C. refused coverage based on its cancellation.

The matter came first before Judge Bristow in October 1976 on A.E.I.C.'s motion for summary judgment. Judge Bristow denied the motion and stated:

Upon this state of the record it appears that there is a question of fact as to whether it was reasonable for the defendant to rely on the Highway Department's records and, therefore, whether the cancellation was proper.

The matter then was tried by Judge Timmerman and a jury in November 1977. Judge Timmerman denied respondents' motion for a directed verdict and submitted the following question to the jury with directions to return a verdict of either "yes" or "no":

Was it reasonable for the insurance company in this case to rely upon the Highway Department records in determining the age of the additional driver?

The jury returned a verdict of "yes." Judge Timmerman subsequently granted respondents' motion for a judgment *non obstante veredicto*. This appeal by A.E.I.C. followed.

The facts of this case are strikingly similar to the facts in *Government Employees Insurance Company v. Mackey,* 260 S. C. 306, 195 S. E. (2d) 830 (1973). In *Mackey, supra,* a policy of automobile liability insurance was cancelled for nonpayment of an additional premium that had been charged in reliance on Highway Department records. In *Mackey,* as here, the Highway Department records were incorrect. Also in *Mackey,* as here, the insured offered no evidence to contradict the Highway Department records until after the policy had been cancelled and the insured automobile had been involved in an accident. This Court affirmed a jury verdict in favor of the insurer, and stated:

The possession by the respondent [insurer] of the motor vehicle report was *prima facie* evidence that the information

therein contained was correct. It was reasonable for the respondent to rely thereon in the absence of any contrary showing by the insured. 195 S. E. (2d) at 834.

Under the foregoing facts the holding in *Mackey* is ■ dispositive of this appeal. We are of the view there was a jury issue as to whether A.E.I.C. acted reasonably in relying on Highway Department records to determine Alexander's age. Since there was a question for the jury, the lower court erred by granting respondents' motion for a judgment *non obstante veredicto*.

Accordingly, the judgment of the lower court is reversed and the case remanded for entry of judgment in favor of A.E.I.C. in accordance with the verdict of the jury.

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.