22606

Ruby M. REWIS, Respondent v.
GRAND STRAND GENERAL HOSPITAL, Appellant.
(348 S. E. (2d) 173)

Supreme Court

*David R. Gravely of Bellamy, Rutenberg, Copeland, Epps, Gravely & Bowers, P.A.,* Myrtle Beach, *for appellant.*

*Eldridge R. Inman,* Conway, *for respondent.*

Submitted April 23, 1986.

Decided Aug. 25, 1986.

*Per Curiam:*

In this negligence action, appellant (Hospital) contends that there was insufficient evidence to support the verdict. We disagree and affirm.

During the night of December 10, 1983, while a patient at the Hospital, respondent (Rewis) fell off of the foot of her hospital bed and broke her hip. Rewis' husband and son testified they were denied permission to remain with Rewis at night, even though they informed the nurses that when Rewis was sick she was subject to "blackout spells" during which she "wouldn't know what she was doing." Witnesses for the Hospital contradicted this testimony.

Rewis alleged that her fall out of bed and injuries resulted from the Hospital's negligence in failing to allow a family member to remain with her at night or, alternatively, to take precautions after being warned about her "spells." The Hospital's motions for involuntary nonsuit, directed verdict, new trial and judgment n.o.v. were denied.

The Hospital contends it was error to deny these motions because Rewis failed to prove that her fall was foreseeable and proximately caused by an act of the Hospital. In reviewing the denial of motions for involuntary nonsuit, directed verdict, new trial and judgment n.o.v., this Court must review the evidence and all inferences deducible from it in the light most favorable to the non-

moving party. *Graham v. Whitaker*, 282 S. C. 393, 321 S. E. (2d) 40 (1984). The issues of negligence and proximate cause must be submitted to the jury if more than one reasonable inference can be drawn from the evidence. *Id.* Given the conflicting testimony on the Hospital's knowledge of Rewis' "spells," the issues of foreseeability and proximate cause were properly submitted to the jury.

The Hospital also argues that it was error to deny its motions because expert testimony on the standard of care required of a hospital under similar circumstances was necessary to support Rewis' cause of action. This is a novel issue in this State.

A plaintiff in a medical malpractice case must establish by expert testimony the standard of care and the defendant's failure to conform to it, unless the subject matter is of common knowledge or experience such that no special learning is required to evaluate the defendant's conduct. *Pederson v. Gould*, 288 S. C. 141, 341 S. E. (2d) 633 (1986). A number of jurisdictions have held that expert testimony is not necessary to support an action against a hospital for injuries sustained by a patient in a fall, since the matter of a fall is not a technical one outside the comprehension of a layman. *See* Annot., 40 A.L.R. (3d) 515, 542 (1975).

Under the facts of this case, we hold that expert testimony was not required to prove that the Hospital was negligent. The common knowledge or experience of the jurors was sufficient to enable them to infer a lack of proper care and the causal link to Rewis' fall.

Accordingly, the judgment below is

Affirmed.