22840

Dorothy B. MOORE, Appellant, v. William R. LEVITRE, Respondent.

(365 S. E. (2d) 730)

Supreme Court

*John P. Gardner, Jr.*, Darlington, *for appellant.*

*S. Porter Stewart, II*, and *David W. Keller, Jr.*, Florence, *for respondent.*

Heard Jan. 19, 1988.

Decided Feb. 22, 1988.

SHAW, Acting Justice:

This is an appeal from an order of the circuit court granting respondent William R. Levitre's motion for a directed verdict. We reverse and remand for trial.

In ruling on a motion for directed verdict, the trial court is required to view the evidence and the inferences which can reasonably be drawn from the evidence in the light most favorable to the party opposing

the motion. The motion should be denied if the evidence yields more than one inference or if its inferences are in doubt. *Vacation Time of Hilton Head Island, Inc. v. Lighthouse Realty*, 286 S. C. 261, 332 S. E. (2d) 781, 785 (Ct. App. 1985).

Appellant was a customer in respondent's apparel store. She testified she selected a pair of slacks from one end of a clothing rack and proceeded toward a dressing room. She tripped and fell over a protruding leg of the clothing rack and was injured. The rack was situated at an angle so that the leg of the rack was in the direct path customers take to go to the dressing room. She testified the leg was obscured by clothing hanging near to the floor.

In ruling on the respondent's directed verdict motion, the trial judge properly applied the rule that a storeowner's duty is to take reasonable care to protect invitees. *Shipes v. Piggly Wiggly*, 269 S. C. 479, 238 S. E. (2d) 167 (1977). One who operates a mercantile establishment is not an insurer of his customer's safety but must keep the aisles and passageways in a reasonably safe condition. *Mullinax v. Great A & P Tea Co.*, 221 S. C. 433, 70 S. E. (2d) 911 (1952); see also *House v. European Health Spa*, 269 S. C. 644, 239 S. E. (2d) 653 (1977) (duty to warn). Whether a defendant provided reasonably safe premises to an invitee is a jury question. *Graham v. Whitaker*, 282 S. C. 393, 321 S. E. (2d) 40 (1984). The trial judge specifically found "the evidence doesn't indicate [anything] to obscure this rack or its outlines, all of it being in full view." Contrary to this finding, appellant testified the bottom of the rack was obscured.

Considering the evidence in the light most favorable to appellant, we hold the case should have been submitted to the jury.

Reversed and remanded.

NESS, C. J., and HARWELL, CHANDLER, and FINNEY, JJ., concur.