22982

Hattie M. FELDER, as Personal Representative for the Estate of Charles A. Felder, Respondent v. K-MART CORPORATION, d/b/a K-Mart 7239, Appellant.

(377 S. E. (2d) 332)

Supreme Court

*Matthew H. Henrikson,* Barnwell, *Whaley, Patterson & Helms,* Charleston, *for appellant.*

*Pamela J. Polzin* and *Reese I. Joye, Jr., Joye Law Firm,* Charleston, *for respondent.*

Heard Jan. 24, 1989.

Decided March 6, 1989.

TOAL, Justice:

This is a personal injury action arising out of an incident in which Charles Felder, the plaintiff, alleges that he slipped upon entering K-Mart, the defendant. From a verdict for actual damages in favor of Felder, K-Mart appeals, arguing that it is not liable in that, as a matter of law, (1) Felder was contributorily negligent and (2) K-Mart acted reasonably under the circumstances. We disagree and affirm the lower court.

## FACTS

On January 4, 1986, Charles Felder, then 81 years of age, entered K-Mart, took several steps and fell onto the floor, sustaining injuries.[1] Both parties testified that it had been raining all day and that rain blew in the door and was tracked in by customers' feet.

The rest of the facts are disputed. Felder testified that there were no mats or warning signs on the inside or outside of the store. He stated that the floor looked clear and shiny and that he did not realize there was water on the floor until he slipped. When he hit the floor, the water wet the whole side of his clothes. He stated that his leg felt paralyzed. A K-Mart employee helped Felder to a chair, got a mop and bucket, mopped the floor and then placed two rugs on the floor. Felder also testified that he saw a child slip and fall on the floor several minutes after he had fallen.

In contrast, Mr. Stewart, K-Mart's Loss Prevention Manager, testified that five mats were in place when Felder fell. Stewart stated that it is store policy to have two mats on the outside and two mats on the inside of the entrance doors.

---

[1] Felder's subsequent death and the substitution of his estate's personal representative as plaintiff are not related to the instant action.

When it rains, an additional mat is placed on the interior of the store.

Stewart said he put all five mats out before the store opened on January 4. He said there were no warning signs because they were on order. He also testified that he mopped that area about ten minutes before Felder came in and that he had mopped it about three times earlier in the day.

Stewart denied putting out the mats after Felder's fall. He also testified that he did not see another person fall or receive a report about another customer's fall.

The trial court denied K-Mart's motions for directed verdict and for judgment *non obstante veredicto* and/or a new trial. The jury returned a verdict of $80,000 actual damages for Mr. Felder.[2]

## DISCUSSION

In general, contributory negligence and negligence are questions of fact for the jury and only rarely become questions of law for the court to decide. If more than one reasonable inference can be drawn from the evidence, the trial judge is required to submit the issues to the jury. *Graham v. Whitaker*, 282 S. C. 393, 321 S. E. (2d) 40 (1984); *Tucker v. Albert Rice Furniture Sales*, 295 S. C. 119, 367 S. E. (2d) 427 (Ct. App. 1988). In ruling on motions for directed verdict, the trial court is required to view the evidence and the inferences which can reasonably be drawn from the evidence in the light most favorable to the party opposing the motion. The motion should be denied if the evidence yields more than one inference. *Moore v. Levitre*, 294 S. C. 453, 365 S. E. (2d) 730 (1988).

The standard of review for an appeal of an action at law tried by a jury is restricted to corrections of errors of law. A factual finding of the jury will not be disturbed unless there is no evidence which reasonably supports the findings of the jury. *Townes Associates, Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976).

In this case at bar, viewing the evidence presented at trial in a light most favorable to Felder, more than one reason-

---

[2] No exceptions were made regarding the amount of the verdict.

able inference can be drawn because of the existence of contradictory facts in the testimony. Therefore, we conclude that the trial court properly denied K-Mart's motions.

## CONTRIBUTORY NEGLIGENCE

K-Mart argues that the trial court erred in failing to find that Felder was contributorily negligent as a matter of law. We disagee.

K-Mart contends that the facts of this case are very similar to those in *House v. European Health Spa,* 269 S. C. 644, 239 S. E. (2d) 653 (1977), in which the plaintiff allegedly slipped on a foreign substance while entering a shower at the spa. From a verdict for the plaintiff, the spa appealed arguing that it was not liable for damages in that the only reasonable inference to be drawn from the evidence was that the plaintiff was guilty of contributory negligence as a matter of law. This Court agreed and reversed the lower court.

In *House,* the evidence showed that the plaintiff had used the showers on several occasions prior to her fall and that they were always "slippery, filthy and dirty." She also testified that she had slipped on several occasions because of the conditions. Finally, she admitted that she did not look down prior to stepping into the shower. This Court found that the plaintiff, knowing the usual condition of the showers and the danger posed, "heedlessly proceeded to expose herself to the risk presented."

The case at bar may be distingished from *House* on the facts. Here, Felder testified that the floor looked clean and shiny as it always did. Although he had stated earlier in a deposition that he has seen water come in the store on prior rainy occasions, he also stated that he had never slipped or seen anyone else slip. Furthermore, no evidence was presented to establish that Felder did not exercise reasonable care. He was wearing rubber soled work boots and his statement that the floor looked clean and shiny insinuates that he looked down prior to stepping on the floor. Because the evidence is susceptible to more than one reasonable inference, the trial judge properly submitted the issue of Felder's contributory negligence to the jury.

## REASONABLENESS OF DEFENDANTS ACTIONS

K-Mart contends that the lower court erred in failing ■ to find that K-Mart acted reasonably under the circumstances to make its premises safe for customers. We disagree.

It is established in South Carolina that a merchant is ■ not an insurer of the safety of its customers but rather owes its customers the duty to exercise ordinary care to keep the premises in a reasonably safe condition. *Howard v. K-Mart Discount Stores*, 293 S. C. 134, 359 S. E. (2d) 81 (Ct. App. 1987). As noted above, however, whether a defendant has provided reasonably safe premises is normally a question for the jury.

K-Mart contends that it acted reasonably as a matter of law and, therefore, the issue of negligence should not have been submitted to the jury. They look to *Young v. Meeting St. Piggly Wiggly*, 288 S. C. 508, 343 S. E. (2d) 636 (App. 1986), for support of this argument. In *Young*, the plaintiff entered the store on a rainy day and slipped. The Court of Appeals reversed the jury verdict and held that the store had acted reasonably and that the issue of negligence should not have been submitted to the jury. The Court of Appeals found that only one reasonble inference could be drawn from the evidence. The evidence showed that the floor had been mopped every five to ten minutes, that bright yellow buckets with warning signs were placed near the entrance and that two mats were used to absorb the water.

The distinguishing factor in this case is that there is conflicting testimony as to the steps taken by K-Mart. Felder's testimony concerning the amount of water soaking his clothes and the absence of the mats directly conflicts with K-Mart's testimony concerning the reasonableness of safety precautions taken. Because there is more than one reasonable inference that can be drawn from the evidence, the issue of K-Mart's negligence was properly submitted to the jury.

For the reasons discussed above, the lower court is

Affirmed.

GREGORY, C. J., HARWELL, CHANDLER and FINNEY, JJ., concur.