23288

Peggy O. HENDERSON, Petitioner v. ST. FRANCIS COMMUNITY HOSPITAL, CRS Sirrine, Inc. and Snoddy & McCulloch Associates, Inc., Defendants of which St. Francis Community Hospital is Respondent.

(399 S.E. (2d) 767)

Supreme Court

GREGORY, C.J., filed dissenting opinion.

*D. Denby Davenport, Jr., Davenport & Yacobi, P.A.,* Greenville, *for petitioner.*

*Jack D. Griffeth, Love, Thornton, Arnold & Thomason,* Greenville, *for respondent.*

Heard Nov. 14, 1989.

Decided Oct. 22, 1990.

TOAL, Justice:

In this personal injury action, Peggy Henderson, the plaintiff, received a jury verdict of $75,000 for actual damages. The trial judge granted the defendants' motions for a judgment *non obstante veredicto* on the grounds that the evidence was insufficient to support the jury's verdict. The Court of Appeals affirmed. We granted certiorari and find that more than one reasonable inference can be drawn from the evidence and therefore the motions for judgment *non obstante veredicto* should have been denied. Accordingly, the decision reported at 295 S.C. 441, 369 S.E. (2d) 652 (1988) is reversed.

## FACTS

On January 30, 1985, Henderson visited a friend who was a patient at St. Francis Hospital. As she was walking in the hospital parking lot to her car, she stepped on an accumulation of sweet gum balls, turned her foot and fell. The sweet gum balls had fallen from a sweet gum tree planted in the parking lot.

She fractured her wrist and sustained various bruises and abrasions.

The original parking lot of St. Francis was designed by CRS Sirrine, Inc. (Sirrine) in 1969. The sweet gum trees were planted shortly thereafter. In approximately 1982, Snoddy & McCuloch Associates, Inc. was employed to design an addition to the parking lot, which would contain several levels or tiers. A representative of Snoddy & McCulloch recommended that the sweet gum trees be removed because they produced debris which would accumulate and become a nuisance. St. Francis refused to remove the trees and a stairway was constructed next to one of the trees.

Henderson filed this action against St. Francis, Sirrine and Snoddy & McCulloch alleging negligent maintenance and negligent design of the parking lot. The jury returned a verdict against St. Francis and Sirrine. As noted above, the trial judge granted the motions for judgment *non obstante veredicto* and the Court of Appeals affirmed.

## DISCUSSION

Henderson contends that the Court of Appeals erred in affirming the trial court's order granting St. Francis' motion for a judgment *non obstante veredicto*.[1] We agree.

On appeal from an order granting a motion for judgment *non obstante veredicto*, the evidence and all reasonable inferences therefrom must be viewed in the light most favorable to the party opposing the motion. *Rewis v. Grand Strand General Hosp.*, 290 S.C. 40, 348 S.E. (2d) 173 (1986); *Graham v. Whitaker*, 282 S.C. 393, 321 S.E. (2d) 40 (1984). A motion for judgment *non obstante veredicto* should not be granted if the evidence is susceptible to more than one reasonable inference. *Felder v. K-Mart Corp.*, 297 S.C. 446, 377 S.E. (2d) 332 (1989); *Graham, supra; Gallman v. American Employers' Insurance Co.*, 272 S.C. 369, 252 S.E. (2d) 124 (1979). We find that the evidence is susceptible to more than one reasonable inference and therefore reverse.

---

[1] Henderson has not alleged any error in the affirmance of the judgment *non obstante veredicto* for Sirrine.

Although the operator of a parking lot is not an insurer of the safety of those who use the lot, reasonable care must be used by the operator to keep the premises used by invitees in a reasonably safe condition. *Felder, supra; Moore v. Levitre*, 294 S.C. 453, 365 S.E. (2d) 730 (1988); *Abeles v. Great Atlantic & Pacific Tea Co.*, 244 S.C. 508, 137 S.E. (2d) 604 (1964); *Bruno v. Pendleton Realty Co.*, 240 S.C. 46, 124 S.E. (2d) 580 (1962). The degree of care required must be commensurate with the particular circumstances involved, including the age and capacity of the invitee. *Graham, supra.* A person who visits a patient in the hospital and uses a parking lot maintained by the hospital for the use and convenience of visitors is an invitee. *See* 65 C.J.S. *Negligence*, § 63(130) at 907 (1966). Whether the defendant has provided reasonably safe premises is question for the jury. *Felder, supra; Moore, supra; Graham, supra.*

Here, the jury determined that the hospital had failed to maintain the parking lot in a reasonably safe condition. The trial court granted the hospital's motion for judgment *non obstante veredicto*. The Court of Appeals affirmed the finding that Henderson failed to establish that the hospital did not take reasonable steps to remove the debris, thereby breaching its obligation to keep its premises in a reasonably safe condition. We disagree.

Viewing the evidence in a light most favorable to Henderson, more than one reasonable inference can be drawn in regard to the reasonableness of safety precautions taken by the hospital. Evidence was presented upon which a jury could base a finding that the hospital failed to keep its premises reasonably safe.

The record reflects that the sweet gum trees were planted in approximately 1971. Expert testimony revealed that gum balls are hard and round, take years to deteriorate and are dangerous to pedestrians. The hospital was specifically advised to remove the trees because they produced debris which created a nuisance and maintenance problem.

Rather than correct this dangerous condition and remove the trees, the hospital built a stairway immediately adjacent to one of the trees. In addition, the hospital failed to use a regular maintenance program. Testimony from hospital employees revealed that there was no routine for cleaning or sweep-

ing the parking area and no maintenance records or schedules were kept. The only evidence of a maintenance program was testimony that the area would be cleaned by a sweeper if no cars were parked in the area.

Therefore, the jury might reasonably have inferred from this evidence that the hospital was negligent in failing to provide reasonably safe conditions for its visitors and patients by not removing the trees or employing an adequate maintenance program when it had actual and constructive knowledge of the dangerous condition created by the sweet gum trees. Because more than one reasonable inference can be drawn from the evidence, the motion for judgment *non obstante veredicto* should have been denied.

For the reasons discussed above, the Court of Appeals is REVERSED and the matter is REMANDED to the Court of Appeals for consideration of the new trial motion.

We believe the remand necessitates the following explanation. When the trial court granted St. Francis' motion for judgment *non obstante veredicto*, it also granted the motion for a new trial in the event the JNOV was vacated or reversed. The trial court granted the new trial motion on the same basis as that used to grant the judgment *non obstante veredicto*, that the verdict was "entirely unsupported by the evidence." We have now found that there was sufficient evidence to support the jury's verdict. Because the Court of Appeals found that the motion for JNOV was properly granted, it declined to consider the lower court's granting of the new trial motion. Certiorari was granted only on the issue of the JNOV. This matter is therefore REMANDED to the Court of Appeals for consideration of the lower court's granting of the new trial motion in light of this opinion.

HARWELL, CHANDLER and FINNEY, JJ., concur.

GREGORY, C.J., dissents in separate opinion.

GREGORY, Chief Justice, dissenting:

I respectfully dissent. In my view, the evidence presented by petitioner does not support a finding respondent failed to exercise ordinary care in maintaining the parking lot in a reasonably safe condition. The mere fact that sweet gum balls were present in the lot does not establish negligent mainte-

nance. *See Young v. Meeting Street Piggly Wiggly*, 288 S.C. 508, 343 S.E. (2d) 636 (Ct. App. 1986). I would affirm.