588 S.E.2d 93

**Marilyn BRAY and Allan Bray, Petitioners/Respondents,**

**v.**

**MARATHON CORPORATION, an Alabama Corporation, American Refuse Systems, Inc., a North Carolina Corporation, John Doe and Richard Roe, Defendants,**

**of whom MARATHON CORPORATION, an Alabama Corporation, and American Refuse Systems, Inc., a North Carolina Corporation, are Respondents/Petitioners.**

No. 25733.

Supreme Court of South Carolina.

Heard April 1, 2003.

Decided Oct. 13, 2003.

Rehearing Denied Nov. 19, 2003.

Ray Pratt McClain, of Charleston, and Ronald J. Jebaily, of Jebaily, Glass & Meacham, of Florence, for petitioners/respondents.

Gray T. Culbreath and Ellen M. Adams, both of Collins & Lacy, of Columbia, for respondent/petitioner Marathon Corporation.

Saunders M. Bridges, of Aiken, Bridges, Nunn, Elliott & Tyler, of Florence, for respondent/petitioner American Refuse Systems, Inc.

Justice MOORE:

We granted this writ of certiorari to determine whether the Court of Appeals erred by affirming in part and reversing in part the trial court's decision granting summary judgment on petitioner/respondent Marilyn Bray's products liability claims. *Bray v. Marathon Corp.,* 347 S.C. 189, 553 S.E.2d 477 (Ct. App.2001). We affirm in part and reverse in part.

## FACTS

Baron Blackmon was a maintenance mechanic at General Electric's manufacturing plant located in Florence, South Carolina. Bray and Blackmon had been co-workers for approximately fifteen years. On March 5, 1994, Blackmon was inside a Ram Jet Trash Compactor[1] manufactured by respondent/petitioner Marathon and leased to General Electric by respondent/petitioner American Refuse Systems, Inc. (hereinafter collectively referred to as Marathon). When Bray ap-

---

1. Blackmon was allegedly inside the compactor for the purpose of repairing it.

proached the trash compactor to discard a bag of trash, Blackmon asked Bray to start the compactor. Because Blackmon was inside the compactor, Bray declined until Blackmon assured her it was safe to do so.

Bray pressed the "start" button, which caused the ram to move toward Blackmon instead of away from him. Bray attempted to stop the compactor, but the ram would remain stopped only as long as she maintained continuous pressure on the "stop" button. Blackmon was pinned inside the compactor, so Bray released the button and ran for help. Upon her return, she found Blackmon blue and unconscious. Blackmon subsequently died from his injuries.[2]

Bray filed this products liability action against Marathon for breach of implied and express warranty, strict liability, and negligence.[3] She alleged she suffered serious and permanent physical injuries caused by the emotional trauma of witnessing her co-worker's death.

The trial court granted summary judgment to Marathon on all causes of action. The court found Bray was not in direct danger from the operation of the compactor and her alleged injuries were the result of observing Blackmon's injuries. The court noted that any claim Bray had would have to be analyzed under *Kinard v. Augusta Sash & Door Co.*, 286 S.C. 579, 336 S.E.2d 465 (1985).[4] However, the court found Bray could not recover as a bystander because Blackmon and Bray were not closely related.

---

**2.** A report by the Engineering Design & Testing Corporation indicated the machine malfunctioned due to a defect in the manufacture of the compactor and a defect in the compactor's design.

**3.** Petitioner/respondent Allan Bray also filed a loss of consortium claim. However, because his claim is dependent on his wife's claims, only wife's claims will be discussed.

**4.** The *Kinard* court found that a bystander may have a cause of action for negligent infliction of emotional distress. The court adopted the cause of action with the following elements: (1) the negligence of the defendant must cause death or serious physical injury to another; (2) the plaintiff bystander must be in close proximity to the accident; (3) the plaintiff and the victim must be closely related; (4) the plaintiff must contemporaneously perceive the accident; and (5) the emotional distress must both manifest itself by physical symptoms capable of objective diagnosis and be established by expert testimony.

The Court of Appeals affirmed the trial court's decision granting summary judgment on Bray's negligence claim and reversed the decision granting summary judgment on her strict liability claim. Further, the court found that because Bray did not present an argument regarding the warranty claims, that issue was deemed abandoned.

## ISSUE I

Did the Court of Appeals err by reversing the trial court's decision granting summary judgment on Bray's strict liability claim?

## DISCUSSION

The strict liability action for defective products was established by the Legislature in S.C.Code Ann. §§ 15–73–10 to –30 (1976). Section 15–73–10(1) provides: "One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm caused to the ultimate user or consumer . . ."

▇▇▇▇ Bray was a user of the trash compactor because she operated the controls on the compactor in an effort to assist Blackmon. *See* Restatement (Second) of Torts § 402A, cmt. l (1965) ("user" includes those who are utilizing the product for purpose of doing work upon it);[5] *Curcio v. Caterpillar, Inc.*, 344 S.C. 266, 543 S.E.2d 264 (Ct.App.2001) (employee performing maintenance on equipment was "user" of product). Further, under *Padgett v. Colonial Wholesale Distrib. Co.*, 232 S.C. 593, 103 S.E.2d 265 (1958), Bray's alleged physical injuries arising from emotional trauma constitute physical harm.

▇▇▇▇ A products liability plaintiff must prove the product defect was the proximate cause of the injury sustained. *Small v. Pioneer Machinery, Inc.*, 329 S.C. 448, 494 S.E.2d 835 (Ct.App.1997) (citing *Livingston v. Noland Corp.*, 293 S.C. 521, 362 S.E.2d 16 (1987) (proof must be sufficient to show defect was direct and efficient cause of plaintiff's injury)). Proximate cause requires proof of both causation in fact and

---

**5.** Section 15–73–30 provides that the comments to § 402A of the Restatement of Torts, Second, are incorporated as the legislative intent of the Defective Products Act.

legal cause, which is proved by establishing foreseeability. *Id.* Marathon contends the Court of Appeals erred by finding Bray's injuries were foreseeable given her strict liability claim arose from injuries to another.

■ We find the Court of Appeals properly concluded that the bystander analysis of *Kinard* does not apply to a strict liability cause of action. A user of a defective product is not a mere bystander but a primary and direct victim of the product defect. *Accord Kately v. Wilkinson,* 148 Cal.App.3d 576, 195 Cal.Rptr. 902 (1983) (plaintiff, who was owner and driver of boat that killed daughter's friend, allowed to proceed on products liability claim as user of product); *Gnirk v. Ford Motor Co.,* 572 F.Supp. 1201 (D.S.D.1983) (manufacturer owed independent legal duty to plaintiff due to status as user of car involved in accident, rather than as bystander). Because § 15–73–10 limits liability to the user or consumer, there is no need for a limitation on foreseeable victims to avoid disproportionate liability as was found necessary in the bystander setting. It is not unreasonable to conclude the user of a defective product might suffer physical harm from emotional damage if the use of the product results in death or serious injury to a third person, irrespective of the relationship between the user and third person.[6]

■ We find there is a genuine issue of fact regarding whether the event in which Bray's co-worker lost his life was the proximate cause of Bray's physical harm. *See Conner v. City of Forest Acres,* 348 S.C. 454, 560 S.E.2d 606 (2002) (summary judgment appropriate only if no genuine issue of material fact). Therefore, we affirm the Court of Appeals'

---

6. In any event, we are without authority to graft the *Kinard* bystander analysis on § 15–73–10. Where the legislature has, by statute, acted upon a subject, the judiciary is limited to interpretation and construction of that statute. *Barnwell v. Barber–Colman Co.,* 301 S.C. 534, 393 S.E.2d 162 (1989) (finding punitive damages are not recoverable under Defective Products Act); *Schall v. Sturm, Ruger Co., Inc.,* 278 S.C. 646, 300 S.E.2d 735 (1983) (absent clear legislative direction, strict liability cause of action under § 15–73–10 does not exist in South Carolina where product entered stream of commerce prior to enactment of statute and is alleged to have caused injury thereafter). If the Act is to be amended so as to provide for the requirement of a close relationship in the context of a strict liability cause of action, this must be accomplished by the legislature, not the court.

reversal of the trial court's decision granting summary judgment on Bray's strict liability claim.

## ISSUE II

Did the Court of Appeals err by affirming the trial court's decision granting summary judgment on Bray's negligence claim?

## DISCUSSION

■ Bray asserts a products liability claim for negligence under *Padgett v. Colonial Wholesale Distrib. Co., supra.* The *Padgett* court held that a plaintiff may recover for a physical or bodily injury that results from mental and emotional trauma in the absence of physical impact. *See also Spaugh v. Atlantic Coast Line R. Co.,* 158 S.C. 25, 155 S.E. 145 (1930) (suffering from nervous breakdown, as result of defendant's negligence, would support verdict for plaintiff); *Mack v. South–Bound R. Co.,* 52 S.C. 323, 29 S.E. 905 (1898) (defendant liable for injuries sustained as result of mere fright and mental disturbance caused by its negligence). Because *Padgett* allows recovery for injuries sustained as a consequence of shock, fright, and emotional upset, Bray may be able to recover for her alleged injuries that arose from the sudden fright she felt when the machine she was operating crushed her co-worker.

■ Bray further argues the Court of Appeals erred by finding her strict liability claim could survive a summary judgment motion but her negligence claim could not on the element of proximate cause. She argues that, under either claim, she was a foreseeable victim. While proceeding on one theory of recovery under products liability and not proceeding on another is permissible, *see Bragg v. Hi–Ranger, Inc.,* 319 S.C. 531, 462 S.E.2d 321 (Ct.App.1995), if a person is considered a "direct victim" for the purposes of one products liability cause of action, this person must be a direct victim for all causes of action. It is too fine a distinction to say Bray is a user and therefore a foreseeable plaintiff under a strict liability theory, but that she is not a "direct victim" and not a foreseeable plaintiff under a negligence cause of action. Therefore, the trial court improperly granted Marathon's sum-

mary judgment motion on Bray's negligence claim and the Court of Appeals is reversed on this issue.

## CONCLUSION

We affirm the Court of Appeals' decision regarding Bray's strict liability claim and reverse the decision regarding her negligence claim. We further affirm the court's ruling that Bray abandoned her breach of warranty claims. *See First Sav. Bank v. McLean,* 314 S.C. 361, 444 S.E.2d 513 (1994) (issue not argued in brief deemed abandoned and precludes consideration on appeal).

**AFFIRMED IN PART, REVERSED IN PART.**

TOAL, C.J., WALLER and BURNETT, JJ., concurs.

PLEICONES, J., concurring in part and dissenting in part in a separate opinion.

**JUSTICE PLEICONES:**

I concur in part and dissent in part, and would affirm the decision of the Court of Appeals as written.

I agree with the majority that a bystander who is the user of the allegedly defective product, and who suffers physical harm from directly witnessing injury to another, may maintain a strict liability claim. *See* S.C.Code Ann. § 15–73–10(1) (1976); *see e.g., Gnirk v. Ford Motor Co.,* 572 F.Supp. 1201 (D.S.D.1983). Accordingly, I agree that we should affirm the Court of Appeals' decision reversing the trial court's grant of summary judgment on Bray's strict liability claim.

I disagree, however, with the majority's decision to reinstate Bray's negligence claim. Fundamentally, I disagree with the majority's holding that if a plaintiff is considered a "direct victim for the purposes of one products liability cause of action, [then the plaintiff] must be a direct victim for all [products liability] causes of action." When pursuing a products claim under a negligence theory, the plaintiff is subject to all the requirements and defenses of an ordinary negligence claim. *See* Hubbard and Felix, *The South Carolina Law of Torts* 245–246 (2nd ed.1997). Where, as here, the negligence claim is predicated on bystander liability, then I would hold, as

did the Court of Appeals, that the plaintiff must satisfy the foreseeability requirements set forth in *Kinard v. Augusta Sash and Door Co.*, 286 S.C. 579, 336 S.E.2d 465 (1985). Bray seeks to recover for the injury she suffered from witnessing the death of another: this claim brings her squarely within *Kinard.* She does not claim, as did the plaintiff in *Padgett v. Colonial Wholesale Distrib. Co.*, 232 S.C. 593, 103 S.E.2d 265 (1958), that her injuries resulted directly from the defendant's negligence. Bray cannot satisfy the *Kinard* requirements and is therefore not a foreseeable victim. The trial court properly granted summary judgment on this theory, and the Court of Appeals correctly affirmed that decision.

As the majority points out, the legislature has defined the class of plaintiffs entitled to bring a strict liability products claim and we are bound by the terms used in that statute. When, however, the defective product claim is predicated on negligence, and the plaintiff is merely a bystander, then "there is ... need for a limitation on foreseeable victims to avoid disproportionate liability...." Policy requires that we limit foreseeable victims where the defective product claim sounds in negligence.

For the reasons given above, I would affirm the decision of the Court of Appeals.