644 S.E.2d 724

**James W. HENDERSON, Jr., and Betty Lee Henderson, Appellants,**

**v.**

**ALLIED SIGNAL, INC. (Successor to The Bendix Corp.), Aqua–Chem, Inc., (d/b/a Cleaver–Brooks Division), Certain–Teed Corporation, Combustion Engineering, Inc., Daimler Chrysler, Ford Motor Company, Freightliner, General Motors Corporation, International Truck & Engine Corporation (formerly Navistar International Transportation), Kenworth (Paccar), Inc., North American Refractories Company, Peterbilt (Paccar), Inc., Pneumo Abex (Successor to Abex Corp. and American Brake Shoe Company), Rayloc Company, T & N, Ltd., Uniroyal Holding, Inc. (Successor to U.S. Rubber Co.), Of whom Allied Signal, Inc., Daimler Chrysler, Ford Motor Company, General Motors Corporation, North American Refractories Company, Uniroyal Holding, Inc., are, Respondents.**

**No. 26322.**

Supreme Court of South Carolina.

Heard March 6, 2007.

Decided April 30, 2007.

Mona Lisa Wallace, of Wallace and Graham, P.A., of Salisbury, NC, for Appellants.

C. Mitchell Brown and W. Thomas Causby, of Nelson, Mullins, Riley, & Scarborough, LLP, of Columbia; James H. Elliott, Jr., of Pritchard & Elliot, LLC, of Charleston; W. David Conner, James B. Pressley, Jr., and Moffatt G. McDonald, all of Haynsworth, Sinkler, Boyd, P.A., of Greenville; Daniel B. White, of Gallivan, White & Boyd, P.A., of Greenville; and G. Mark Phillips, of Nelson Mullins Riley & Scarborough, of Charleston, for Respondents.

Justice BURNETT.

James W. Henderson, Jr., and his wife, Betty Lee, (collectively referred to as Appellants) appeal the order of the trial court granting summary judgment to Allied Signal, Inc., Daimler Chrysler, Ford Motor Company, General Motors Corporation, North American Refractories Company, Pneumo Abex, and Uniroyal Holding, Inc. (Respondents). We affirm.

## FACTUAL/PROCEDURAL BACKGROUND

Appellants, North Carolina residents, filed a complaint in 1997 arising out of Mr. Henderson's exposure to asbestos containing products while working as a boilermaker, pipefitter, and sheet metal worker for many years at various industrial sites in South Carolina. Mrs. Henderson's claims arose out of her loss of consortium and enjoyment of life. According to the complaint, Respondents "mined, manufactured, processed, imported, converted, compounded and/or retailed substantial amounts of asbestos and asbestos-related materials" and caused such materials to be placed in the stream of interstate commerce with the result that the materials were sold, distributed and used in South Carolina. Appellants alleged Mr. Henderson "used, worked with, was in the vicinity of, and was exposed to asbestos and asbestos containing products" during the course of his employment and, as a result, contracted mesothelioma and other asbestos-related illnesses. Mr. Henderson was diagnosed in North Carolina.

In a 2001 order, the trial court excluded certain affidavits presented by Appellants for their failure to comply with Rule 33, SCRCP, and dismissed the following defendants from the case pursuant to the Door Closing Statute, S.C.Code Ann. § 15-5-150 (2005), and Rule 12(b)(1), SCRCP: AC & S, Certain-Teed Corporation, Carlisle Corporation, Qualco Products, North American Refractories, Uniroyal, Pnuemo Abex, Kelsey-Hayes, Freightliner, Peterbilt (Paccar), Kenworth (Paccar), International Truck and Engine (formerly Navistar), Daimler Chrysler, General Motors, Ford, Combustion Engineering, Aqua-Chem, and Bird[1]. The trial court found no evidence to support the allegation that Mr. Henderson was exposed to asbestos containing products in South Carolina.

The trial court granted defendants Rayloc and Covil summary judgment on product identification grounds, finding no evidence their products contained asbestos. The trial court also denied the motions of Allied Signal and McCord Corporation, finding genuine issues of material fact existed as to Mr.

---

1. During the course of litigation, numerous defendants filed for bankruptcy and, therefore, are not parties to this action. Also, Pnuemo-Abex reached a settlement agreement with Appellants prior to oral arguments before this Court.

Henderson's exposure to their asbestos containing products in South Carolina. The trial court denied Appellants' motions for reconsideration.

The case went to trial against Allied, McCord, and Dana with McCord and Dana settling during trial. The jury found for Allied, and Appellants appealed.[2] We certified this case for review from the Court of Appeals pursuant to Rule 204(b), SCACR.

## ISSUES

I. Did the trial court err in granting summary judgment based on product exposure?

II. Did the trial court err in limiting the scope of Appellants' evidence solely to mesothelioma?

## STANDARD OF REVIEW

When reviewing the grant of a summary judgment motion, the appellate court applies the same standard which governs the trial court under Rule 56(c), SCRCP: summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Osborne v. Adams*, 346 S.C. 4, 550 S.E.2d 319 (2001). In determining whether any triable issue of fact exists, the evidence and all inferences which can reasonably be drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Summer v. Carpenter*, 328 S.C. 36, 492 S.E.2d 55 (1997).

## LAW/ANALYSIS

### I. Product Exposure

Appellants argue: (1) the trial court erred in granting summary judgment on product exposure to Uniroyal, Ford, General Motors, Chrysler, Abex, and Rayloc; and (2) a jury question exists as to exposure in relation to Kenworth, Freightliner, Paccar, and International Truck. We disagree.

---

2. Mr. Henderson died shortly after trial, and Ms. Henderson, as personal representative of his estate, proceeded with this appeal.

The Door Closing Statute, S.C.Code Ann. § 15–5–150, provides:

An action against a corporation created by or under the laws of any other state, government or country may be brought in the circuit court:

(1) By any resident of this State for any cause of action; or

(2) By a plaintiff not a resident of this State when the cause of action shall have arisen or the subject of the action shall be situated within this State.

At trial, the Respondents argued Mr. Henderson had no exposure within South Carolina to their asbestos containing products and the trial court lacked subject matter jurisdiction based on the Door Closing Statute and Rule 12(b)(1), SCRCP. Noting Mr. Henderson was admittedly not a resident of South Carolina, the trial court focused on whether the cause of action arose in South Carolina, relying on *Murphy v. Owens–Corning Fiberglas Corp.*, 346 S.C. 37, 550 S.E.2d 589 (Ct.App.2001), *overruled on other grounds by Farmer v. Monsanto Corp.*, 353 S.C. 553, 579 S.E.2d 325 (2003) ("Because § 15–5–150 does not involve subject matter jurisdiction but rather determines the capacity of a party to sue, we overrule these cases to the extent they hold otherwise.").

In *Murphy,* the Court of Appeals held: "In applying the Door Closing Statute, the manifestation of injury through diagnosis, while relevant, is not dispositive in every case for the purpose of determining whether a cause of action shall have arisen in South Carolina." *Murphy,* 346 S.C. at 48, 550 S.E.2d at 594–95. Finding the exposure to asbestos originated in South Carolina, the Court of Appeals held plaintiff's claims arose in this State "even though they did not accrue until the mesothelioma was diagnosed." *Id.* at 48, 550 S.E.2d at 594. The Court of Appeals, therefore, found the Door Closing Statute did not bar plaintiff's claims because there was a sufficient connection to South Carolina when the acts which gave rise to the cause of action occurred in this State. *Id.* at 48, 550 S.E.2d at 595. Following the trial court's order in this case, this Court affirmed *Murphy* and held: "[T]he proper inquiry is whether the foreign corporation's activities that allegedly exposed the victim to the injurious substance, and the exposure itself, occurred within the State. If so, then

the legal wrong was committed here." 356 S.C. 592, 598, 590 S.E.2d 479, 482 (2003).

■ Appellants failed to meet the *Murphy* test because they failed to show Respondents' products contained asbestos, and they failed to show any actionable exposure in South Carolina. In determining whether exposure is actionable, we adopt the "frequency, regularity, and proximity test" set forth in *Lohrmann v. Pittsburgh Corning Corp.*, 782 F.2d 1156, 1162 (4th Cir.1986): "To support a reasonable inference of substantial causation from circumstantial evidence, there must be evidence of exposure to a specific product on a regular basis over some extended period of time in proximity to where the plaintiff actually worked."

We agree with the trial court that "presence in the vicinity of static asbestos is not exposure to asbestos," and find Appellants failed to present evidence of regular and frequent exposure to asbestos containing products in proximity to where Mr. Henderson worked. Due to the lack of evidence Mr. Henderson was exposed to the Respondents' asbestos containing products in South Carolina, we affirm the trial court's holding.

## II. Limited Evidence

■ Appellants argue the trial court unduly limited their evidence to mesothelioma. We disagree.

Appellants' claim against Allied arises out of Mr. Henderson's experience working with brake products manufactured by Allied and his diagnosis of mesothelioma. Appellants argue the trial court erred in excluding certain evidence concerning other asbestos-related diseases and limiting evidence to cases, reports, and studies showing a link between asbestos exposure and mesothelioma.

The trial court correctly excluded evidence concerning other asbestos-related diseases because such evidence was merely cumulative of evidence actually allowed. *See, e.g., Commerce Center of Greenville, Inc. v. W. Powers McElveen & Assocs., Inc.*, 347 S.C. 545, 559, 556 S.E.2d 718, 726 (Ct.App.2001) ("Generally, there is no abuse of discretion where the excluded testimony is merely cumulative of other evidence proffered to the jury.") Appellants were given the opportunity to present

evidence concerning asbestos and Mr. Henderson's asbestos-related illness. Because the factual issues of the case were fully aired, the exclusion of cumulative reports and studies did not prejudice Appellants. Furthermore, such evidence was arguably irrelevant under Rule 403, SCRE. *See, e.g., State v. Adams,* 354 S.C. 361, 378, 580 S.E.2d 785, 794 (Ct.App.2003) ("A trial judge's decision regarding the comparative probative value and prejudicial effect of evidence should be reversed only in exceptional circumstances. We review a trial court's decision regarding Rule 403 pursuant to the abuse of discretion standard and are obligated to give great deference to the trial court's judgment.") (internal citations omitted).

## *CONCLUSION*

Applying both *Murphy* and *Lohrmann,* we find Appellants failed to prove actionable exposure to Respondents' asbestos-containing products. We affirm the decision of the trial court granting summary judgment to Respondents based on the Door Closing statute. We also affirm the decision of the trial court excluding certain affidavits as cumulative.

**AFFIRMED.**

TOAL, C.J., MOORE, and PLEICONES, JJ., and Acting Justice EDWARD B. COTTINGHAM, concur.