# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Stephen R. Edwards, Individually and as Personal Representative of the Estate of Steven Redfearn Stewart, Respondent,

v.

Scapa Waycross, Inc., Petitioner.

Appellate Case No. 2022-001574

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from York County
Jean H. Toal, Acting Circuit Court Judge

---

Opinion No. 28193
Heard February 6, 2024 – Filed February 28, 2024

---

## AFFIRMED

---

C. Mitchell Brown, of Nelson Mullins Riley & Scarborough LLP, of Columbia; William Peele Early, of Pierce, Sloan, Wilson, Kennedy & Early, LLC, of Charleston; and S. Christopher Collier, admitted pro hac vice, of Lewis Brisbois Bisgaard & Smith LLP, of Atlanta, GA, all for Petitioner.

Mona Lisa Wallace and William M. Graham, both of Wallace & Graham, PA, of Salisbury, NC; Kathleen Chewning Barnes, of Barnes Law Firm, LLC, of

Hampton; Thomas H. Hart, III and Gregory Lynn Hyland, both of Hart, Hyland Shepherd, LLC, of Summerville; and Frederick John Jekel, of Leventis & Ransom, of Columbia, all for Respondent.

Caroline Marie Gieser, of Shook, Hardy & Bacon L.L.P., of Atlanta, GA, for Amici Curiae American Tort Reform Association, National Association of Manufacturers, National Federation of Independent Business Small Business Legal Center, Inc., National Association of Mutual Insurance Companies, American Property Casualty Insurance Association, and American Coatings Association.

Erik. R. Zimmerman, admitted pro hac vice, and Stephen M. Cox, both of Robinson, Bradshaw & Hinson, P.A., of Chapel Hill, NC, for Amici Curiae The Chamber of Commerce of the United States of America, and The South Carolina Chamber of Commerce.

---

**JUSTICE JAMES:** In this asbestos/mesothelioma case, we granted a writ of certiorari to review the court of appeals' decision (1) affirming the trial court's denial of Petitioner Scapa Waycross, Inc.'s (Scapa) motion for judgment notwithstanding the verdict, which was based on the ground Respondent failed to introduce legally sufficient evidence of causation; (2) affirming the trial court's order granting Respondent's motion for a new trial nisi additur; and (3) affirming the trial court's denial of Scapa's motion for reallocation of pretrial settlement proceeds. *Edwards v. Scapa Waycross, Inc.*, 437 S.C. 396, 878 S.E.2d 696 (Ct. App. 2022).

We dismiss the writ of certiorari as improvidently granted with respect to the issues of additur and the reallocation of settlement proceeds.[1] We affirm the court

---

[1] In its brief to this Court, Scapa argues for the first time that S.C. Code Ann. § 15-38-50 (2005) imposes a restriction on a plaintiff's ability to allocate settlement proceeds in a manner most advantageous to the plaintiff. The court of appeals mentioned section 15-38-50 in its opinion, but not in the context now argued by Scapa. 437 S.C. at 422-23, 422 n.3, 878 S.E.2d at 710 & n.3. Scapa's argument is not preserved, so we do not address it. See *I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000), for "the long-established

of appeals' reasoning on the causation issue, but we address the issue to reaffirm South Carolina's adherence to the substantial factor causation test we adopted in *Henderson v. Allied Signal, Inc.*, 373 S.C. 179, 644 S.E.2d 724 (2007).

> In *Henderson*, we pronounced:
>
> In determining whether exposure is actionable, we adopt the "frequency, regularity, and proximity test" set forth in *Lohrmann v. Pittsburgh Corning Corp.*, 782 F.2d 1156, 1162[-63] (4th Cir. 1986): "To support a reasonable inference of *substantial causation* from circumstantial evidence, there must be evidence of exposure to a *specific product* on a *regular* basis over some *extended* period of time in *proximity* to where the plaintiff actually worked."

373 S.C. at 185, 644 S.E.2d at 727 (emphases added); *see also Lohrmann*, 782 F.2d at 1162 (applying Maryland law to a pipefitter's products liability claims and restating the substantial factor test employed in Maryland products liability cases: "To establish proximate causation in Maryland, the plaintiff must introduce evidence [that] allows the jury to reasonably conclude that it is more likely than not that the conduct of the defendant was a *substantial factor* in bringing about the result." (emphasis added)). While the *Lohrmann* substantial factor test relaxes the "but-for" requirement that applies in traditional tort cases, the test still requires the plaintiff to show "more than a casual or minimum contact with the product." *Lohrmann*, 782 F.2d at 1162.

In a products liability case, whether the plaintiff's theory is strict liability, negligence, or breach of warranty, the plaintiff must prove the defendant's defective product was a proximate cause of the plaintiff's injury. *See Bray v. Marathon Corp.*, 356 S.C. 111, 116, 588 S.E.2d 93, 95 (2003). To prove proximate cause, a plaintiff must establish both causation in fact and legal cause. *Small v. Pioneer Mach., Inc.*, 329 S.C. 448, 463, 494 S.E.2d 835, 842 (Ct. App. 1997). To establish causation in fact, the plaintiff must show the injury complained of would not have occurred "but for" the defendant's conduct, and to establish legal cause, the plaintiff must establish

---

preservation requirement that the losing party generally must both present his issues and arguments to the lower court and obtain a ruling before an appellate court will review those issues and arguments."

the plaintiff's injury was a foreseeable consequence of the defendant's conduct. *See id.*

A defendant "cannot be charged with that which is unpredictable or could not be expected to happen. A plaintiff therefore proves legal cause by establishing the injury in question occurred as a natural and probable consequence of the defendant's act." *Id*. at 463, 494 S.E.2d at 843 (citation omitted) (first citing *Bramlette v. Charter–Medical–Columbia*, 302 S.C. 68, 393 S.E.2d 914 (1990); and then citing *Greenville Mem'l Auditorium v. Martin*, 301 S.C. 242, 391 S.E.2d 546 (1990)). The plaintiff may prove proximate cause by direct or circumstantial evidence, or some combination of the two. *Small*, 329 S.C. at 464, 494 S.E.2d at 843.

The *Lohrmann* causation test takes into the account the reality that "most plaintiffs sue every known manufacturer of asbestos products." 782 F.2d at 1162. Some defendants are dismissed pretrial or at the directed verdict stage for lack of evidence, some defendants settle, and some defendants go to trial. *Id.* Applying the test to Scapa's liability, it was incumbent upon Stewart to prove he was exposed to Scapa asbestos-containing dryer felts on a regular basis over an extended time in proximity to where he worked.

Scapa argues it was entitled to judgment notwithstanding the verdict because the evidence presented by Stewart fell short of the *Lohrmann* causation standard. Scapa points to the court of appeals' citation of the Supreme Court of Pennsylvania's opinion in *Rost v. Ford Motor Company*[2] and claims the court of appeals improperly approved the use of the cumulative dose theory rejected in *Henderson* and *Lohrmann*. We disagree. The court of appeals did not adopt a new causation test. Moreover, the court correctly noted Dr. Frank did not rely on the cumulative dose theory as a basis for his opinion that Scapa asbestos-containing dryer felts was a substantial factor in causing Stewart's mesothelioma. The trial court properly allowed Dr. Frank to explain to the jury that as the amount of asbestos accumulates in the body, the likelihood of developing mesothelioma increases. Dr. Frank's ultimate opinion was that Stewart's exposure to Scapa asbestos-containing dryer felts during his employment at Bowater was a substantial factor in causing his mesothelioma. Dr. Frank's testimony satisfied the requirements of *Henderson* and *Lohrmann*, and, as a whole, the evidence in the record created a jury issue on the issue of Scapa's liability.

---

[2] 151 A.3d 1032 (Pa. 2016). Because we hold the court of appeals did not deviate from the *Lohrmann* test in this case, we need not decide whether the Supreme Court of Pennsylvania did or did not base its decision in *Rost* on the substantial factor test.

For the foregoing reasons, we affirm the court of appeals.

**AFFIRMED.**

**BEATTY, C.J., KITTREDGE, FEW, and HILL, JJ., concur.**