15992

## DUNBAR v. CHARLESTON & W. C. RY. CO.
(44 S. E. (2d) 314)

*Mr. Thos. M. Boulware,* of Allendale, for Appellant,

*Messrs. M. G. McDonald* and *Howard L. Burns,* of Greenwood, and *Edgar A. Brown,* of Barnwell, for Respondent,

*Mr. Thos. M. Boulware,* of Allendale, for Appellant, in reply,

September 26, 1947.

TAYLOR, J.: The complaint in this action reads as follows:

"1. That plaintiff is informed and believes that the defendant is a railroad corporation created and existing under the laws of South Carolina, having and maintaining a railroad right-of-way between Allendale and Appleton in the above-named county, extending outward one hundred feet on each side of the center of its track, its rights in said right-of-way being limited to railroad purposes.

"2. That defendant's track runs approximately east to west from Allendale to Appleton, and the defendant does now and for many years heretofore has maintained a crossing approximately nine-tenths of a mile east of Appleton, the same being its first crossing east of Appleton, where defendant's track crosses a public highway or road, which connects a public road on the north side of defendant's track with Highway No. 28 on the south side of defendant's track. That at said point defendant's track is laid in a deep cut and defendant has heretofore permitted the building of Highway No. 28 on its right-of-way and still permits the maintenance thereof on the same. That at said point the elevation of said highway is several feet above the elevation of defendant's track, and that in traveling from said public road on the north side of defendant's track over the said crossing to Highway No. 28, a traveler must ascend a sharp, steep, and high incline in order to arrive upon State Highway No. 28, and, while making such ascension to Highway No. 28 by motor vehicle, has absolutely no view or means of as-

certaining whether or not his vehicle will be struck by a motor vehicle traveling on Highway No. 28, and, that the said incline is so sharp and steep and high that it is necessary for a motor vehicle ascending the same to travel in low gear and at considerable speed; so that the said crossing, in its present condition and surroundings, constitutes a most dangerous crossing for travelers going from north to south and so dangerous that it is impossible for a traveler in a motor vehicle so to travel with any assurance that the front of his motor vehicle will not be struck by a motor vehicle traveling on Highway No. 28, particularly from east to west, when the front of his motor vehicle reaches the pavement of Highway No. 28.

"3. That the maintenance of said crossing under said conditions and the permitting of all of said conditions to exist constitutes carelessness and extreme recklessness and disregard for the safety of persons and motor vehicles crossing the said crossing from north to south and were the direct and proximate cause of the injuries to the person and property of the plaintiff as hereinafter described.

"4. That between 9:00 and 10:00 o'clock in the morning of May 13, 1946, the plaintiff was traveling in his Ford pickup across said crossing from north to south. That no warning was given of said conditions and at that time plaintiff was wholly unfamiliar with the said crossing and its surroundings and dangers, and as plaintiff emerged from the cut in which defendant's track is located, and the front of his motor vehicle arrived on the pavement of Highway No. 28, a truck going from Allendale toward Appleton on Highway No. 28, without fault on its part, struck the front end of plaintiff's motor vehicle and demolished the front end thereof, and otherwise injured the same to plaintiff's damage in the sum of $300.00, and also bruised and injured the plaintiff's body, and injured and shocked plaintiff's nervous system from which plaintiff suffered shock to such extent as to render plaintiff unable to sleep or rest naturally, to the plaintiff's injury and damage, in actual and punitive

damages, which he lays in the sum of Ten Thousand Dollars."

The defendant railway company interposed the following demurrer (omitting formal parts):

"Now comes the Defendant above named and demurs to the Complaint herein on the ground that it fails to state facts sufficient to constitute a cause of action, in that no legal duty rests upon a railroad company to refuse to permit the construction and maintenance by the public authorities of a highway upon such portion of its right-of-way as is not devoted to nor needed for railway purposes, nor does any duty rest upon such a company to protect one traveling upon or entering such highway."

On March 29, 1947, the Honorable J. Robert Martin, Jr., after a hearing, issued the following order sustaining the demurrer:

"This matter comes before me upon a general demurrer to the complaint and was fully argued before me by counsel representing both of the parties.

"The complaint, in short, alleges that the defendant operates a line of railway in Allendale County and that at the locality hereinafter mentioned owns a right-of-way extending one hundred feet on each side of the center of its track. That the defendant has for many years maintained a crossing over its track at a point where a public highway leading from a public highway on the north side of and parallel to its track crosses the same and enters Highway No. 28 on the south side of and also paralleling the track. That the defendant permitted the building of Highway No. 28 on its right-of-way and still permits the maintenance of same thereon. That the public road which crosses defendant's track at right angles proceeds through a deep cut and up a sharp incline at the point where it enters Highway No. 28 so that the view of a motorist using the same is obstructed until practically on the edge of Highway No. 28, and that due to the steep incline a car ascending the same must travel in

low gear and at a considerable speed. That these conditions are so dangerous that it is impossible for a motorist to enter Highway No. 28 with any assurance that he will not be struck by a motor vehicle traveling on Highway No. 28.

"That on May 13th, 1946, plaintiff, who was unfamiliar with the crossing and as the same was not marked in any way to afford a warning to motorists, crossed the track in a truck and upon entering Highway No. 28, was struck by a passing motor vehicle without negligence on the latter's part, and sustained certain personal injuries and other dam-age. That on account of the matters above set forth the defendant was guilty of negligence and recklessness in permitting such conditions to exist, the same being the proximate cause of plaintiff's damage.

"Defendant demurred to this complaint on the ground that it fails to state a cause of action in that no legal duty rests upon a railroad company to refuse to permit the construction and maintenance by the public authorities of a highway upon such portion of its right-of-way as is not devoted to nor needed for railway purposes nor does any duty rest upon such a company to protect one entering such highway from an intersecting highway.

"Plaintiff seeks to support the sufficiency of the complaint upon the theory that a railroad company, by permitting the public authorities to use a portion of its right-of-way for highway purposes, is answerable for any hidden or latent danger that might result from such construction under the general principle that the owner of land is liable to one injured thereon by some concealed danger or peril of which the injured person is unaware. I am unable to agree that that principle has any application to the case at bar.

"It is, of course, fundamental that the owner or occupant of land, who invites or induces another to go thereon, owes the latter the duty to have the premises in reasonably safe condition and to give warning of latent or concealed perils. *Hill v. Broad River Power Co.,* 151 S. C. 280 (148 S. E. 870). (Relied upon by plaintiff.) But here the railway com-

pany may not in that sense be deemed to be the owner or occupant of so much of its right-of-way as has been taken over by the public authorities for highway or other public purposes. Such portion of the company's right-of-way as was neither being used nor needed for railroad purposes was subject to condemnation for highway purposes and the company is not to be penalized merely because it was gracious enough not to require the exercise of the power of eminent domain on the part of the public authorities. It is my view that the complaint fails to state a cause of action. Therefore,

"It is ordered that the demurrer to the complaint be and the same hereby is sustained."

The appellant now comes to this Court upon exceptions which raise the principal question of whether or not a railway company which grants to the South Carolina Highway Department a portion of its unused right-of-way for the purpose of building and maintaining a highway thereon parallel to the track is liable to a motorist who after crossing the railroad track on another public road enters such highway and is struck by a vehicle traveling thereon.

There is nothing in the record to show whether the road crossing the defendant's right-of-way was constructed before or after that of the parallel highway; however, the real test is one of control. Did the defendant railway company have any control of the manner of construction and maintenance of this intersection? We think not. Appellant contends that this intersection was constructed and maintained for railway purposes and cites the case of *Thompson v. Seaboard Air Line Ry.*, 81 S. C. 333, 62 S. E. 396, 397, 20 L. R. A., N. S., 426. In that case the construction of a statute was involved while not so here, but even there we find:

"The bridge on which the wagon and mules were caught was built by the railroad company on its roadbed for its own purposes. Hence there can be no doubt of the duty of the railroad company to keep it in order for the safety of the traveling public."

In instant case, the condition complained of was not on the roadbed but on the right-of-way, and in *Felder v. Southern Ry.,* 76 S. C. 554, 57 S. E. 524, a public road crossed the railway company's right-of-way by way of a bridge about twenty feet from the roadbed which was the scene of the injury complained of. This Court said:

"There is a strong implication against an intention to impose on the railroad company the duty to keep in repair the portion of the public road within its right-of-way, but not on the roadbed."

The fact that the South Carolina Highway Department did not condemn that needed portion of the right-of-way but acquired its rights by way of an easement granted by the railway company did not alter the legal status of the respective parties in this case.

Appellant relies upon the principle laid down in the case of *Hill v. Broad River Power Co.,* 151 S. C. 280, 148 S. E. 870, which involved a plaintiff's intestate who was engaged in cutting down trees and growth for defendant on the defendant's right-of-way. Unknown to plaintiff's intestate, another group of defendant's servants had cut a tree almost through, leaving it standing but the cut was covered by growth. While working for defendant on the defendant's right-of-way, the cut tree fell, killing him. The Master knew of the latent defect through his foreman. The defect was located on premises within the possession of defendant and he created the latent defect. The case at bar, however, pertains to a member of the public complaining of the railway company not protecting or warning him of an alleged defect located on property completely within the possession and control of another. Formerly this area had been in the control and possession of the defendant, but had passed into the hands of the Highway Department before any alleged defect was created.

"The liability of an owner or occupant of real estate in reference to injuries caused by a dangerous or defective condition of the premises depends in general upon his having control of the property. In fact, such liability depends upon control, rather than ownership, of the premises. As a general rule, liability for injuries caused by dangerous instrumentalities terminates with a cessation of control thereover; and the liability of a land owner, likewise, is terminated ordinarily when he parts with possession of the premises in question. Thereafter he is not accountable at the suit of one who may sustain injuries while on the property, at least when the cause of the injuries developed after the transfer of possession". 38 Am. Jur., page 753 (Negligence, Sec. 94).

One cannot recover damages of another unless a failure to discharge some duty to the injured party is shown.

Regardless of the view taken, we come back to the fact that here we have a collision between two motorists at a junction of two highways which were located by public authorities over which such authorities had and now have sole control. The railroad company having no control or discretion in the location, construction or maintenance thereof, it is difficult to see how a collision occurring at this intersection of two highways is to be treated differently from one occurring at the intersections of any other two highways.

All exceptions are, therefore, overruled.

Judgment affirmed.

BAKER, CJ., and FISHBURNE, STUKES and OXNER, JJ., concur.