**Otelia A. EDMOND, Plaintiff,**

v.

**FOOD LION, INC., and Robert Jackson, Defendants.**

**Civ. A. No. 2:94cv840.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Nov. 15, 1994.

Stephen C. Swain, Charles Everett Malone, Virginia Beach, VA, Waverly Thomas Knowles, Portsmouth, VA, for plaintiff.

Robert William McFarland, Norfolk, VA, for defendants.

## ORDER

WALTER E. HOFFMAN, District Judge.

### FINDINGS OF FACT

On or about July 28, 1994, plaintiff Otelia A. Edmond ("Edmond") filed a motion for judgment in the Circuit Court of the City of Suffolk, Virginia, against Food Lion, Inc. ("Food Lion"), a North Carolina corporation, and Robert Jackson ("Jackson"), a citizen and resident of Virginia who is an employee of Food Lion. Edmond is also a citizen and resident of Virginia. Edmond seeks damages in the amount of $100,000.

Edmond alleges that as a result of the negligence of Food Lion in its ownership, operation, control, and maintenance of the premises known as Food Lion Store # 627, she sustained serious and permanent injuries. (Plaintiff's Motion for Judgment at ¶ 3.) Edmond also alleges that her injuries resulted from Jackson's negligence in the operation, control, and maintenance of these premises. (Plaintiff's Motion for Judgment at ¶ 4.) Stated in their entirety, Edmond's allegations against Jackson are:

[T]hat on said date, as a result of the negligence of Robert Jackson, Store Manager of Food Lion, Store # 627 in the operation, control and maintenance of the said premises located at 1226 White Marsh Road, in the City of Suffolk, Virginia, the plaintiff was caused to sustain serious and permanent injuries. (Plaintiff's Motion for Judgment at ¶ 4.)

On August 22, 1994, defendants Food Lion and Jackson filed a notice for removal on the basis that this Court has original jurisdiction over this case under 28 U.S.C. § 1332. In their motion, defendants represented to the Court that:

Mr. Jackson was the manager of the store in which Ms. Edmond fell on June 12, 1993. On the date and time of the accident, however, Mr. Jackson was not working and was not even in the store. Additionally, Mr. Jackson had no direct responsibility for the maintenance or cleanup of the store. (Defendants' Notice of Removal at ¶ 5.)

Accordingly, defendants contend that Jackson is an improper party and was named solely to destroy diversity. Pursuant to 28 U.S.C. § 1447, on or about August 26, 1994, Edmond filed a motion to remand the case to the circuit court. On or about October 15, 1994, defendants filed an affidavit from Jackson, in which Jackson verified the facts stated in defendants' notice of removal.

On October 18, 1994, this Court heard oral argument from the parties on plaintiff's motion to remand, the Honorable Walter E. Hoffman, Senior United States District Judge, presiding. The Court provided counsel for plaintiff ten days to submit additional legal authority for the proposition that the manager of a retail store, which is owned by a corporation, may be held liable on a negligence claim solely on the basis of his designation as manager. Both parties have responded, and the issues have been fully briefed. In all of her pleadings and at oral argument, Edmond has never alleged a specific act of negligence by Jackson, or how he is directly responsible for her fall.

### CONCLUSIONS OF LAW

█ Diversity jurisdiction may not be defeated by the joinder of a nondiverse defendant who cannot conceivably be liable. *Wecker v. Nat'l Enameling & Stamping Co.,*

204 U.S. 176, 27 S.Ct. 184, 51 L.Ed. 430 (1907). In order to establish that a nondiverse defendant has been fraudulently joined, the removing party must establish either: (1) that there is no possibility that the plaintiff can establish a cause of action against the nondiverse defendant in state court, or (2) that there has been outright fraud in the plaintiff's pleading of jurisdictional facts. *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir.1993). In order to determine whether a pleading is fraudulent, the Court is not bound by the allegations of the pleadings, but instead it may consider the entire record and may resolve the issue by any means available. *AIDS Counseling & Testing Centers v. Group W Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir.1990).

Having reviewed the allegations in the motion for judgment, the parties' respective pleadings and Mr. Jackson's uncontradicted affidavit, this Court finds that, as a matter of law, there is no legal possibility of a successful claim against Jackson under Virginia law, based on the undisputed facts. It is undisputed that Jackson is not the owner or operator of the premises upon which Edmond alleges she fell. Jackson is merely the store manager, and he was not even on duty at the date and time that Edmond fell. There are no facts in the record to demonstrate that Jackson had actual or constructive notice of any defects upon the store premises. There are no allegations that Jackson negligently hired, trained or supervised his employees at Food Lion Store # 627. Moreover, it is not contradicted that Jackson was not involved in the actual maintenance of the store on or about the time Edmond fell. Accordingly, based on the undisputed facts and the allegations in the motion for judgment, Jackson cannot be liable under Virginia law. *Roll 'R' Way Rinks, Inc. v. Smith*, 218 Va. 321, 327, 237 S.E.2d 157, 161 (1977). As there is no legal possibility of recovery against him, Jackson is not a proper party to this lawsuit, and the Court finds that Jackson has been improperly joined within the meaning of *Marshall*, *supra*. Therefore, Edmond's motion to remand this case to the circuit court is DENIED and the Court orders that Jackson be DIS-

MISSED from this lawsuit. It is so ORDERED.