Margaret **BENJAMIN**, Plaintiff,

v.

**WAL–MART STORES, INC.,**
**Doug Stuckey and John**
**Doe, Defendants.**

**Roy E. Benjamin, Plaintiff,**

v.

**Wal–Mart Stores, Inc., Doug Stuckey**
**and John Doe, Defendants.**

**C.A. Nos. 9:05–3406–PMD,**
**9:05–3407–PMD.**

United States District Court,
D. South Carolina,
Beaufort Division.

Feb. 9, 2006.

---

Cory H. Fleming, Moss Kuhn and Fleming, Beaufort, SC, for Plaintiffs.

David Starr Cobb, Turner Padget Graham and Laney, Charleston, SC, for Defendants.

### ORDER

DUFFY, District Judge.

This matter is before the court on Plaintiffs' Motion to Remand pursuant to 28 U.S.C. § 1447(c). Plaintiffs claim that complete diversity of citizenship is lacking because Defendants Doug Stuckey and John Doe are residents of South Carolina, as are Plaintiffs. Defendants contend that Stuckey and Doe are fraudulently joined and, therefore, that removal is proper. For the reasons set forth herein, Plaintiffs' motion is denied.

### I. FACTS

On February 10, 2005, Margaret Benjamin slipped on loose bird seed lying on the floor of the pet department at the Wal-Mart store in Hardeeville, South Carolina. In the fall, Mrs. Benjamin allegedly suffered severe injuries to her chest, left knee, and left side. She filed a lawsuit in South Carolina Court of Common Pleas in the County of Jasper, alleging personal injury and her husband, Roy Benjamin, filed a separate lawsuit alleging loss of consortium. The Benjamins sued Wal-Mart, the pet department manager, Doug Stuckey, and an unknown employee, John Doe, whom they alleged was kneeling on the floor tending to inventory as Mrs. Benjamin walked by. Plaintiffs allege that the negligence of these Defendants caused their injuries.

Defendants removed both cases on the basis of fraudulent joinder arguing that Doug Stuckey and John Doe are sham defendants against whom no cause of action lies. Defendants argue that once these in-state defendants are dismissed as fraudulently joined, complete diversity as between the remaining parties exists and removal is proper.[1] The parties do not contest that the amount in controversy exceeds the jurisdictional amount.

### II. ANALYSIS

"To show fraudulent joinder, the removing party must demonstrate either (1) outright fraud in the plaintiff's pleading of jurisdictional facts or (2) that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir.1999) (internal quotation marks omitted). "The party alleging fraudulent joinder bears a heavy burden—it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Id.* "This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6)." *Id.* The plaintiff need not establish that he will ultimately succeed on his claims; "[t]here need be only a slight possibility of a right to relief." *Id.* at 425. In order to determine whether a pleading is fraudulent, the Court is not bound by the

---

1. Wal–Mart is considered a citizen of Delaware, the state in which it is incorporated. Mr. and Mrs. Benjamin are citizens of and reside in South Carolina.

allegations of the pleadings, but instead it may consider the entire record and may resolve the issue by any means available. *AIDS Counseling & Testing Centers v. Group W Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir.1990).

## III. DISCUSSION

■ In order to establish a claim for negligence, Plaintiffs must present evidence of a legal duty owed by Defendants to Mrs. Benjamin, a breach of that duty by a negligent act or omission, and damages that were proximately caused by that breach. *See Andrade v. Johnson*, 356 S.C. 238, 588 S.E.2d 588, 592 (2003). Defendants assert that, based on the facts as alleged in the complaint, there is no possibility that Plaintiffs will be able to establish a cause of action against either Doug Stuckey or John Doe. They argue that Stuckey and Doe had no duty to prevent harm to Mrs. Benjamin apart from the duty every person owes to use reasonable care not to inflict foreseeable harm on another.[2] In contrast, Plaintiffs assert that Doug Stuckey, the pet department manager at Wal–Mart, and John Doe, an employee in that department, had an affirmative duty to warn customers of and/or to eliminate foreseeable unreasonable risks. (Mot. To Remand at 6.) The court now considers what duty a department manager and an employee owe to a customer.

■■ "The Court must determine, as a matter of law, whether the law recognizes a particular duty. An affirmative legal duty to act exists only if created by statute, contract, relationship, status, property interest, or some other special circumstance." *Cowburn v. Leventis*, 366 S.C. 20, 619 S.E.2d 437, 451 (2005); *Charleston*

*Dry Cleaners Laundry, Inc. v. Zurich Am. Ins. Co.*, 355 S.C. 614, 586 S.E.2d 586, 588 (2003). "Generally, there is no common law duty to act.... Thus, a person usually incurs no liability when he fails to take steps to protect others from harm not created by his own wrongful conduct." *Wogan v. Kunze*, 366 S.C. 583, 623 S.E.2d 107, 121 (2005); *Dennis by Evans v. Timmons*, 313 S.C. 338, 437 S.E.2d 138, 141 (1993).

■ Under South Carolina law, a store owner is held to a higher standard to protect customers invited into his store. While not an insurer of the safety of his customers, *Felder v. K–Mart*, 297 S.C. 446, 377 S.E.2d 332 (1989), a store owner owes a duty to keep aisles and passageways in a reasonably safe condition and is liable for any injury resulting from the breach of this duty. *Moore v. Levitre*, 294 S.C. 453, 365 S.E.2d 730 (1988); *see Graham v. Whitaker*, 282 S.C. 393, 321 S.E.2d 40 (1984). This duty includes a duty to reasonably inspect the premises and to remove debris that could cause the customer to fall. *See Hunter v. Dixie Home Stores*, 232 S.C. 139, 101 S.E.2d 262, 263 (1957). This "[s]torekeeper liability is founded upon the duty of care a possessor of land owes to an invitee." *Wintersteen v. Food Lion, Inc.*, 344 S.C. 32, 542 S.E.2d 728, 730 (2001). In South Carolina, a party who operates a premises but is neither an owner nor a lessee may also have a duty of reasonable care with respect to an allegedly dangerous condition. *Dunbar v. Charleston & W.C. Ry. Co.*, 211 S.C. 209, 44 S.E.2d 314, 317 (1947). Such liability depends upon *control,* rather than ownership, of the premises. *Id.* In considering whether an individual has exercised such

---

**2.** It is not alleged that either Doe or Stuckey directly inflicted any harm upon Mrs. Benja-

min.

control of the premises so as to impose a duty to reasonably inspect the premises, a court will generally consider the individual's power or authority to manage, direct, superintend, restrict, regulate, govern, administer, or oversee the management of the property. CJS *Negligence* § 388.

The South Carolina Supreme Court has never directly held what level of control a department manager or an employee must exercise to be personally liable, in addition to the store owner, for injuries that a customer sustains while in the store.[3] Defendants cite the caselaw of several other states that holds that a store employee or manager is not liable to customers under a theory of storekeeper liability. *Edmond v. Food Lion, Inc.*, 895 F.Supp. 103, 104 –105 (E.D.Va.1994); *Adams v. Sears, Roebuck & Co.*, 227 Ga.App. 695, 490 S.E.2d 150, 153 (1997). Other courts have held that a servant or employee can be liable for an injury caused by a condition of the land, but only where his employer has turned over the entire charge of the land to him. *MIC v. Barrett*, 313 Ark. 527, 855 S.W.2d 326 (1993).

 In this case, Plaintiffs have alleged no facts suggesting that either Stuckey or Doe exerted a level of control over the premises unusual for an employee or department manager. Plaintiffs rely

only on Stuckey and Doe's employment by Wal–Mart in claiming that they were in "control" of the relevant premises. (Mot. to Remand at 6.) Specifically, Plaintiffs argue that:

> Wal–Mart employed Stuckey as its department manager and, therefore, placed him in control of the retail department where Plaintiff was injured. Wal–Mart employed Doe as its employee and therefore, placed him in control of his immediate work area. By virtue of Stuckey's control over the department and Doe's control over his immediate work area, Stuckey and Doe have a duty imposed by law to protect the Plaintiff from foreseeable unreasonable risks.

(Mot. to Remand at 6.) This is an inaccurate statement of the law of premises liability. One does not have an affirmative duty to maintain safe premises of a store merely by virtue of being an employee, absent some evidence of more substantial level of control of the business.[4] To hold otherwise would expose lower management and hourly employees to burdensome personal liability every time an individual is injured within a store.[5] Such can not be the intent of South Carolina negligence law. The court does not decide what level of control South Carolina law would require to impose such a duty upon an employee; however, the court has no difficul-

---

**3.** Plaintiffs cite a South Carolina case, *Richards v. Great Atlantic & Pacific Tea Co.*, 226 S.C. 119, 83 S.E.2d 917 (1954), in which the manager of a store, as well as the store, was found personally liable after a customer fell over boxes left in the aisle. The South Carolina Supreme Court did not explain what made the store manager a proper party in this case.

**4.** As an example of what the South Carolina courts have considered a more substantial exercise of control, in *South Carolina Farm Bureau Mut. Ins. Co. v. S.E.C.U.R.E. Underwriters Risk Retention Group*, 347 S.C. 333, 554 S.E.2d 870, 875 (2001), a manager of a

business who, along with her husband, owned sixty percent of the stock in the business was deemed to effectively control what took place on the premises.

**5.** The court further notes that one of the underlying policies behind holding store owners to a higher duty to protect and prevent injury to their customers is that, because these store owners benefit financially by inviting these customers to their stores, the store owners are much better spreaders of the cost of customer accidents. This policy is not served by imposing store owner liability upon an hourly employee.

ty finding that merely being a manager or employee does not evidence a sufficient level of control.

Plaintiffs further allege that "by virtue of their employment contract as a department manager and employee of Wal–Mart, Stuckey and Doe had an obligation to undertake reasonable measures to provide for the safety of its customers such as Plaintiff." (Mot. to Remand at 6.) This is also an inaccurate statement of law. Even assuming Stuckey and Doe owed the customers a duty, this duty, at most, required Stuckey and Doe to exercise ordinary care in the performance of their jobs to avoid foreseeable risks to anyone with the store. 65A C.J.S. *Negligence* § 397. The employment contract does not subject Stuckey and Doe to the obligations and liabilities of the store owner. Mrs. Benjamin's status as an invitee of Wal–Mart does not affect Stuckey or Doe's liability to Mrs. Benjamin for any negligent performance of their contractual duties. *See Landry v. Hilton Head Plantation Property Owners Ass'n, Inc.*, 317 S.C. 200, 452 S.E.2d 619, 621 (1994).

Having reviewed the allegations in the motion for remand and the parties' respective pleadings, this court finds that, as a matter of law, there is no legal possibility of a successful claim against Stuckey or Doe. There are no facts in the record to demonstrate that Stuckey or Doe negligently caused the dangerous condition. There are no allegations that Stuckey negligently hired, trained or supervised his employees at Wal–Mart. Also, as discussed above, there are no allegations that Doe or Stuckey exercised a sufficient amount of control to impose a legal duty to inspect and maintain safe premises. Accordingly, the court finds that Stuckey and Doe had no affirmative duty to act to prevent Mrs. Benjamin's injuries. Such a legal duty is an essential element of Plain-

tiffs' asserted negligence cause of action. The court therefore finds that, based on the undisputed facts and the allegations in the record, neither Stuckey nor Doe can be liable under South Carolina law.

As there is no legal possibility of recovery against them, Stuckey and Doe are not proper parties to this lawsuit. Accordingly, the court dismisses these in-state defendants as fraudulently joined and denies Plaintiffs' Motion to Remand.

### IV. CONCLUSION

It is, therefore, **ORDERED,** for the foregoing reasons, that Defendants Doug Stuckey and John Doe are **DISMISSED** and Plaintiffs' Motion to Remand is **DE-NIED.**

**AND IT IS SO ORDERED.**