Laura TONEY, Plaintiff,

v.

**LaSALLE BANK NATIONAL ASSOCIATION As Trustee for the Registered Holders Of Structured Asset Investment Loan' Trust, Mortgage Pass-Through Certificates Series 2004–11; AltiSource Homes; Pro Capital Investors; Wayne Capell, Lee County Treasurer; and Lee County Planning and Zoning, Defendants.**

C/A No. 3:13–3481–MBS.

United States District Court,
D. South Carolina,
Columbia Division.

Signed Aug. 4, 2014.

Laura Toney, Bishopville, SC, pro se.

Paul M. Fata, Stuckey Fata and Segars, Bishopville, SC, Sean A. O'Connor, Finkel Law Firm, Charleston, SC, A. Parker Barnes, III, James Y. Becker, Haynsworth Sinkler Boyd, Columbia, SC, for Defendants.

**ORDER AND OPINION**

MARGARET B. SEYMOUR, Senior District Judge.

## I. *FACTS AND PROCEDURAL HISTORY*

Plaintiff Laura Toney, proceeding pro se, previously has appeared before this court seeking relief with respect to a foreclosure of certain property located at 729 Chatmon Street, Bishopville, South. Carolina ("the Property"). It appears that Plaintiff took possession of the Property after her husband's death, and on October 6, 2004 refinanced a mortgage on the Property. The Property went into foreclosure and was sold on May 7, 2007 to LaSalle Bank National Association, As Trustee for Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2004–11 ("LaSalle Bank"). Plaintiff filed a notice of appeal to the South Carolina Court of Appeals. The foreclosure and rulings appertaining thereto were affirmed by the South Carolina Court of Appeals. *LaSalle Bank Nat'l Ass'n v. Toney,* 2011 WL 11734978 (S.C.Ct. App. June 27, 2011).

On July 13, 2011, Plaintiff filed a complaint in this court, alleging that she was not provided at the time of refinance with

disclosures mandated by the Truth–in–Lending Act, 15, U.S.C. §§ 1601–1667f. Plaintiff further contended that she issued a notice of rescission on June 14, 2005, to which LaSalle did not respond until October 19, 2005. According to Plaintiff, she had been relieved of her obligations under the mortgage and the foreclosure should be set aside. The court found that Plaintiff's action was barred by res judicata based on the rulings adverse to Plaintiff in state court. Accordingly, Plaintiff's complaint was dismissed. *See Toney v. LaSalle Bank Nat'l Ass'n,* C/A No. 3:11–1686–MBS. Plaintiff appealed the court's ruling to the Court of Appeals for the Fourth Circuit. The Fourth Circuit affirmed on August 24, 2012. *Toney v. LaSalle Bank Nat'l Ass'n,* 512 Fed.Appx. 363 (4th Cir.2013).

On November 13, 2013, Plaintiff commenced the within action in the Court of Common Pleas for Lee County, South Carolina, against Defendants; AltiSource Homes; Pro Capital Investors; Wayne Capell, Lee County Treasurer; and Lee County Planning and Zoning. Although it is not clear, it appears that the Property consisted of four lots, and that Plaintiff's husband, now deceased, deeded one of the lots to an unnamed grantee. Plaintiff alleges that, as a result, her husband owned the Property as a tenant-in-common with the grantee. Plaintiff alleges that in 2004 Lee County Planning and Zoning illegally drew a plat and partitioned the Property. In addition, Plaintiff alleges that in 2012, Wayne Capell, Lee County Treasurer, partitioned the Property in order to allow a portion of the Property to be sold for delinquent taxes. In 2013, the Property, or at least a portion of it, was purchased by Pro Capital Investors. Plaintiff contends that ownership of the Property could not be destroyed without the consent of the unnamed individual who purportedly was a tenant-in-common with Plaintiff's husband. Accordingly, Plaintiff asserts that the foreclosure and partition were illegal acts, and that she retains title to the Property. *Id.* at ¶¶ 3–8. Plaintiff seeks to quiet title to the Property in her favor; transfer legal title and possession to her; issue a declaration that each Defendant has no estate, right, title, or interest in the Property; and enjoin each Defendant from any claim in estate, right, title, or interest in the Property. Plaintiff also seeks attorney's fees and costs, as well as treble, actual, and punitive damages in the amount of $10,000,000.00.

On December 13, 2013, LaSalle Bank and AltiSource Homes filed a notice of removal asserting jurisdiction based on federal question and diversity of citizenship. LaSalle Bank and AltiSource Homes contend federal jurisdiction is proper because (1) Plaintiff alleges claims arising under the Truth–in–Lending Act; and (2) Lee County Treasurer Wayne Capell and Lee County Planning and Zoning ("Lee County Defendants") are sham Defendants who may be disregarded for purposes of establishing complete diversity of citizenship. On December 31, 2013, U.S. Bank Custodian for Pro Capital III LLC ("Pro Capital"), incorrectly identified as in the complaint as "Pro Capital Investors," consented to removal.

On January 3, 2014, Plaintiff filed a motion to remand. Plaintiff asserts that her complaint does not implicate the Truth–In–Lending Act. Plaintiff also states that the Lee County Defendants are not sham Defendants in that they partitioned the Property without a court order. Thus, Plaintiff argues that the court lacks both federal question and diversity jurisdiction. Plaintiff also contends that Pro Capital's consent to removal was untimely. On January 20, 2014, LaSalle Bank and AltiSource Homes filed a response in opposi-

tion to motion to remand.[1] LaSalle Bank and AltiSource Homes state that Plaintiff specifically references the Truth–In–Lending Act in paragraphs 3 and 9 of the complaint. LaSalle Bank and AltiSource Homes also state that there is no possibility Plaintiff can recover against the Lee County Defendants because (1) the court previously dismissed a complaint by Plaintiff disputing title to the Property; (2) the complaint fails to state a cause of action against the Lee County Defendants; (3) claims regarding the tax sale are not ripe; and (4) the action against the Lee County Defendants is barred by sovereign immunity and the South Carolina tort Claims Act ("SCTCA"), S.C.Code Ann. §§ 15–78–10 et seq. LaSalle Bank and AltiSource Homes further argue that removal is proper because Pro Capital had not been "properly joined and served" at the time of removal, and thus its consent was not required. *See* 28 U.S.C. § 1446(b)(2)(A).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling. On March 11, 2014, the Magistrate Judge filed a Report and Recommendation in which she determined that Plaintiff's allegations in her complaint regarding the Truth–in–Lending Act, read in context, refer to her appeals of the court's prior ruling. The Magistrate Judge further found that Plaintiff's complaint alleges negligence on the part of the Lee County Defendants, and that LaSalle Bank and AltiSource Homes had failed to demonstrate Plaintiff had no possibility of relief again the Lee County Defendants. Based on these findings, the Magistrate Judge concluded that LaSalle Bank and AltiSource Homes had not met their burden of establishing subject matter jurisdiction. Accordingly, the Magistrate Judge recommended that Plaintiff's motion to remand be granted.

On March 27, 2014, LaSalle Bank and AltiSource Homes filed objections to the Report and Recommendation. Plaintiff filed a response to the objections on April 11, 2014, to which LaSalle Bank and AltiSource Homes filed a reply on April 18, 2014.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber,* 423 U.S. 261, 270, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This court is charged with making a de novo determination of any portions of the Magistrate Judge's Report to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1) (2012).

## II. *DISCUSSION*

LaSalle Bank and AltiSource Homes contend that the Magistrate Judge erred in finding that the court lacks subject matter jurisdiction, such that removal was not proper. The court disagrees.

If removal is challenged, the defendant bears the burden of establishing that federal jurisdiction is proper. *Mulcahey v. Columbia Organic Chems. Co.,* 29 F.3d 148, 151 (4th Cir.1994). The thumb is on the scale in favor of remand. *Id.* Because federal courts are courts of limited jurisdiction and removal implicates serious

---

1. These Defendants state that U.S. Bank is LaSalle Bank's successor-in-interest to the Property.

federalism concerns, removal restriction is strictly construed in favor of state court jurisdiction—i.e., "[i]f federal jurisdiction is doubtful, a remand is necessary." *Id.*

## A. *Federal Question Jurisdiction*

■ LaSalle Bank and AltiSource Homes first contend the Magistrate Judge erred in concluding that federal question jurisdiction does not exist. These Defendants contend that Plaintiff disclaimed reliance on federal law subsequent to the filing of the notice of removal. LaSalle Bank and AltiSource Homes assert that federal question jurisdiction appeared on the face of the complaint and removal was therefore proper. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). In support of their argument, LaSalle Bank and AltiSource Homes point to paragraph 3 and 9 of the complaint, which read in full:

3. That pursuant to South Carolina Code 15–67–210, this is an action for the recovery of real property. The Plaintiff believes that she still possesses legal title to the premises located at 729 Chatmon Street, Bishopville, South Carolina. The Plaintiff's deceased husband deeded one (1) lot, which is lot 14. The estate consists of four (4) lots. This type of co-ownership constitutes "Tenancy–In–Common" and cannot be destroyed absent the consent of the other co-tenant. The Plaintiff's husband never signed any documents giving up his interests in the property. The foreclosure of the Plaintiff's property was an illegal action that is now being decided by the United States Supreme Court for violation of the Truth–In–Lending Act, Noncompliance to a letter of rescission, forgery of federal disclosure documents and other serious violations. The plaintiff is awaiting a ruling from the courts hopefully very soon. As aforementioned, the Plaintiff still maintains ownership in the property. Clear title to the property cannot be obtained because the South Carolina Supreme Court ruled in *Davis v. Davis*, 233 [223] S.C. 182, 191–91 [92], 75 S.E.2d 46, 60 [50] (1953), that a Tenancy in Common cannot be defeated by the act of one tenant absent the agreement of the other tenant. Also, under Davis, the survivorship rights between tenants in common create future interests in the entire estate that cannot be destroyed by the unilateral act of one tenant through an act such as partition. The plant that was drawn by the Defendant, Lee County Planning and Zoning Office clearly violates this ruling and the zoning ordinance of the county in which the property is located.

. . . .

9. South Carolina Code 18–9–130(2) also clearly states, "A Plaintiff may not enforce a sale of property after a notice of appeal is filed without undertaking a bond to the Defendant, with two good sureties, in double the appraised value of the property or double the amount of the judgment, conditioned to pay all damages the Defendant may sustain by reason the judgment is reversed." As aforementioned, the United States Supreme Court is in the process of ruling in this case. The Defendants have violated the Truth–In–Lending Act, committed forgery of Federal Disclosure documents, and noncompliance to a letter of rescission.

ECF No. 1–1, 13–14.

The court agrees with the Magistrate Judge that, read in context, Plaintiff is not

asserting a claim under the Truth–in–Lending Act, inasmuch as she was awaiting a ruling from the Supreme Court.[2] Rather, as she explicitly alleges, the complaint is an action for recovery of real property. LaSalle Bank and AltiSource Homes' objection is without merit.

## B. *Diversity Jurisdiction*

LaSalle Bank and AltiSource Homes next argue that the Magistrate Judge erred in finding that the Lee County Defendants are not fraudulently joined or "sham" defendants whose citizenship can be disregarded for the purpose of establishing diversity jurisdiction.[3] The court disagrees.

The fraudulent joinder doctrine will permit a defendant to remove a case to federal court despite the presence of another non-diverse defendant. *Mayes v. Rapoport,* 198 F.3d 457, 461 (4th Cir.1999). To establish fraudulent joinder, the removing party must show either: (1) outright fraud in the plaintiff's pleading of jurisdictional facts, or (2) that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court. *Benjamin v. Wal–Mart Stores, Inc.,* 413 F.Supp.2d 652, 654 (D.S.C.2006) (quoting *Hartley v. CSX Transp. Inc.,* 187 F.3d 422, 424 (4th Cir. 1999)). The second means for establishing fraudulent joinder is even more favorable to a plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Hartley,* 187 F.3d at 424. A plaintiff does not have to show he will prevail against the defendant. He must only show that he has a slight possibility of succeeding. *Id.* at 426. If the plaintiff

can show this glimmer of hope, the defendant is properly joined. *Id.*

LaSalle Bank and AltiSource Homes contend that the Magistrate Judge erred in not considering the various theories under which they argue Plaintiff cannot establish a cause of action against the Lee County Defendants, i.e., (1) Plaintiff's claims are barred by res judicata and collateral estoppel; (2) Plaintiff has failed to state a claim upon which relief can be granted; (3) Plaintiff's claims, if any, are not ripe; and (4) Plaintiff's claims are barred by the doctrines of sovereign immunity and the SCTCA.

As noted hereinabove, the Magistrate Judge relied upon the fourth argument in finding that Plaintiff has a possibility of recovering against the Lee County Defendants. In the court's view, the Magistrate Judge was not required to address the remaining three arguments once she determined there exists a possibility Plaintiff can establish a cause of action against the Lee County Defendants. Thus, the court turns to LaSalle Bank and AltiSource Homes' objection to the Magistrate Judge's conclusion.

These Defendants argue that Capell is individually immune from suit under the SCTCA because he was acting in the course and scope of his employment. *See* S.C.Code Ann. § 15–78–70(a) (providing that the SCTCA is the exclusive remedy for torts committed by an employee of the government while acting within the scope of the employee's official duty). The SCTCA does not provide immunity, however, when the employee's conduct (1) was not within the scope of his official duties or

<hr>

2. The United States Supreme Court denied a petition for writ of certiorari on December 2, 2013. *Toney v. LaSalle Bank Nat'l Ass'n,* —— U.S. ——, 134 S.Ct. 696, 187 L.Ed.2d 552 (2013).

3. Parties do no dispute that the amount in controversy exceeds $75,000. ECF No. 59, 7.

(2) it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude. *Id.* § 15–78–70(b)

LaSalle Bank and AltiSource Homes contend that Plaintiff alleges that Capell was acting in his official capacity as Treasurer, and therefore the first exception to immunity does not apply. These Defendants further assert that Plaintiff's claims against Capell sound in negligence, such that the second exception does not apply. The court disagrees as to the second contention. Plaintiff alleges in her complaint that the Lee County Defendants' conduct "conduct was willful, wanton, intentional, with malice, and reckless disregard of the rights of the Plaintiff[.]"

A district court cannot predict with certainty how a state court or state jury would resolve a legal issue and weigh the factual evidence in a case. *Hartley,* 187 F.3d at 425. Plaintiff's claim may not succeed ultimately, but there need be only a slight possibility of a right to relief. Once a district court identifies a possibility of relief for the plaintiff, the jurisdictional inquiry ends. *Id.*

LaSalle Bank and AltiSource Homes also contend that Plaintiff's claims against the Lee County Defendants are barred by the two-year statute of limitations set forth in the SCTCA. *See* S.C.Code Ann. § 15–78–110 (providing that "any action brought pursuant to this chapter is forever barred unless an action is commenced within two years after the date the loss was or should have been discovered"). To the extent Plaintiff alleges conduct that occurred in 2012 and 2013, Plaintiff is not barred from

recovery. LaSalle Bank and AltiSource Homes' objection is without merit.

## III. *CONCLUSION*

The court adopts the Magistrate Judge's Report and Recommendation incorporates it hereby reference. For the reasons stated therein and in this order, Plaintiff's motion to remand (ECF No. 20) is **granted.**

**IT IS SO ORDERED.**

## REPORT AND RECOMMENDATION

SHIVA V. HODGES, United States Magistrate Judge.

Plaintiff Laura Toney filed her complaint in the Court of Common Pleas for Lee County, South Carolina, against LaSalle Bank National Association, As Trustee for the Registered Holders of Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates Series 2004–11 ("LaSalle"); AltiSource Homes ("AltiSource");[1] US Bank Custodian for Pro Capital III LLC ("Pro Capital");[2] Wayne Capell, Lee County Treasurer ("Capell"); and Lee County Planning and Zoning ("LCPZ"). [Entry # 1–1 at 11–17]. LaSalle and AltiSource ("Removing Defendants") removed the action to this court on December 13, 2013. [Entry # 1]. This matter comes before the court on Plaintiff's motion to remand [Entry # 20]. This matter having been fully briefed [Entry # 43], it is ripe for disposition. After a review of the pleadings, the undersigned finds that this case should be

---

1. LaSalle and AltiSource represented in their answers to Local Civil Rule 26.01 interrogatories that they were correctly identified [Entry # 2], but have asserted in their response to Plaintiff's motion to remand that they are incorrectly identified [Entry # 43].

2. Pro Capital asserts that it was incorrectly identified as Pro Capital Investors, but counsel has indicated that it is authorized to accept service of an amended summons and complaint with the correct identification. [Entry # 16].

remanded because the court lacks subject matter jurisdiction.

## I. Factual Background

In her complaint, Plaintiff alleges that she has legal title to property located at 729 Chapman Street, in Bishopville, South Carolina ("Property"). [Entry #1–1 at ¶3]. Plaintiff alleges that the Property consists of four lots, one of which her husband deeded. *Id.* According to the complaint, because Plaintiff's husband owned the Property as a tenancy in common, the ownership could not be destroyed without consent of the cotenant.[3] *Id.* Plaintiff notes that "[t]he foreclosure of the Plaintiff's property was an illegal action that is now being decided by the United States Supreme Court for violation of the Truth–In–Lending Act, [n]oncompliance to a letter of rescission, forgery of federal disclosure documents and other serious violations." *Id.* Plaintiff alleges that because she still owns title to the Property, the plat that was drawn by LCPZ violates South Carolina state law. *Id.* Plaintiff further alleges that Capell's office illegally partitioned the Property in 2012 to allow a tax sale. *Id.* at ¶10. Plaintiff seeks a declaration that she still owns title to the Property. *Id.* at ¶8.

Removing Defendants removed this action on the basis of federal question jurisdiction, pursuant to 28 U.S.C. § 1331, based on Plaintiff's allegations that Defendants violated the Truth in Lending Act ("TILA"). [Entry #1 at 2]. Additionally, Removing Defendants asserted that the court could exercise its diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and all properly-joined defendants are diverse from Plaintiff. *Id.* Specifically, De-

fendants asserted that Capell and LCPZ ("Lee County Defendants") are fraudulently joined and should not be considered for purposes of determining whether diversity jurisdiction exists. *Id.* In her motion to remand, Plaintiff argues that this court does not have federal question or diversity jurisdiction over this matter and that the removal was defective because all defendants did not join in the removal. [Entry #20]

## II. Discussion

### A. Magistrate Judge's Authority to Remand

The motion to remand has been referred to the undersigned for disposition pursuant to 28 U.S.C. § 636. A motion to remand does not explicitly fall within any of the dispositive motions set forth in 28 U.S.C. § 636. This omission has led to a split of authority as to whether a United States Magistrate Judge has the authority to remand a matter to state court. While some courts have held that remand motions are nondispositive and orders of remand can be issued by a Magistrate Judge in a non-consent case, the law in the Fourth Circuit remains unclear whether an order or a report and recommendation should be entered. *See, e.g., Jonas v. Unisun Ins. Co.,* No. 00–1217, 2000 WL 1350648, *1 (4th Cir. Sept. 20, 2000) (noting that the Fourth Circuit "has not addressed whether a magistrate judge may issue an order of remand (as opposed to issuing a report and recommendation for the district court's review)"). At least one district court in this district has addressed this issue in a published opinion and held that a Magistrate Judge did not have such authority. *See Long v. Lockheed Missiles*

---

**3.** Plaintiff's complaint is silent as to the identity of the co-tenant or what legal title the alleged co-tenant possesses.

& Space Co., Inc., 783 F.Supp. 249, 250 (D.S.C.1992) ("[A] remand order is the equivalent of a dismissal. The Magistrate's Order thus sought to effect an 'involuntary dismissal' of the action.") (quoting Giangola v. Walt Disney World Co., 753 F.Supp. 148, 152 (D.N.J.1990)); see also Mortg. Elec. Registration Sys., Inc. v. Hunt, 6:07–1763–HMH, 2007 WL 2220403 (D.S.C. July 30, 2007) (unpublished opinion collecting cases and finding report and recommendation appropriate when considering motion to remand).

Although the United States Supreme Court has not addressed the issue directly, it has suggested that a remand motion is functionally indistinguishable from a dispositive motion listed in 28 U.S.C. § 636(b)(1)(A). See Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 714, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996) ("No less than an order staying a federal court action pending adjudication of the dispute in state court, [ an order of remand] puts the litigants in this case effectively out of court, and its effect is precisely to surrender jurisdiction of a federal suit to a state court.") (internal quotation and citation omitted). The federal circuit courts addressing this matter have determined in published opinions that remand motions are dispositive. See Williams v. Beemiller, Inc., 527 F.3d 259, 264–66 (2d Cir. 2008); Vogel v. U.S. Office Prods. Co., 258 F.3d 509, 514–17 (6th Cir.2001); First Union Mortg. Corp. v. Smith, 229 F.3d 992, 994–97 (10th Cir.2000); and In re U.S. Healthcare, 159 F.3d 142, 145–46 (3d Cir. 1998).

The practical impact on the parties of this seemingly-academic dispute is the applicable standard of review in an appeal of the Magistrate Judge's decision on the motion to remand. If the motion to remand is considered nondispositive, the more deferential standard of "clearly erroneous or contrary to law" found in 28 U.S.C. § 636(b)(1)(A) applies to an appeal of the Magistrate Judge's order of remand. If the motion to remand is considered dispositive, the Magistrate Judge should enter a report and recommendation under 28 U.S.C. § 636(b)(1)(B), pursuant to which objections are considered on a de novo standard of review under Fed.R.Civ.P. 72.

 In light of the unsettled state of the law within this district as to whether motions to remand are considered dispositive, out of an abundance of caution, a report and recommendation, instead of an order, is being entered. This route preserves the prerogative of the District Judge to whom this case is assigned, as well as any potentially aggrieved party to secure a de novo review upon timely objection, prior to final action on the remand motion.

B. Analysis

 Federal courts are courts of limited jurisdiction, see Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994), and a district court is charged with ensuring that all cases before it are properly subject to such jurisdiction. In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir.1998). Generally, a case may be filed in federal district court if there is federal question jurisdiction under 28 U.S.C. § 1331 or diversity of citizenship under 28 U.S.C. § 1332. The removal statute, 28 U.S.C. § 1441, allows a state court defendant to remove a case to a federal district court if the state court action could have originally been filed there. See Darcangelo v. Verizon Commc'ns, Inc., 292 F.3d 181, 186 (4th Cir.2002). However, the removing defendant has the burden of establishing subject matter jurisdiction, Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151

(4th Cir.1994), and a district court may remand a case *sua sponte* or pursuant to a motion if federal jurisdiction is lacking. *Ellenburg v. Spartan Motors Chassis, Inc.,* 519 F.3d 192, 196 (4th Cir.2008).

### 1. Federal Question Jurisdiction

 It is well-settled that a federal question must be presented on the face of a plaintiff's complaint to satisfy federal question jurisdiction. *Harless v. CSX Hotels, Inc.,* 389 F.3d 444, 450 (4th Cir.2004) (discussing the well-pleaded complaint rule). Further, a plaintiff may avoid federal jurisdiction by exclusively relying on state law. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Plaintiff states that she has petitioned the Supreme Court of the United States regarding allegations that the foreclosure of the Property was illegal under the TILA. [Entry # 1–1 at ¶¶ 3, 9]. However, when read in context, it does not appear that Plaintiff is requesting this court to determine whether the foreclosure of the Property violated the TILA, as she was awaiting a ruling from the Supreme Court.[4] Plaintiff's motion to remand confirms such an interpretation, as she states that this lawsuit "has nothing to do with a federal question." [Entry # 20 at 1]. Therefore, Removing Defendants have not met their burden of establishing federal question jurisdiction.

### 2. Diversity Jurisdiction

 Diversity jurisdiction requires complete diversity of parties and an amount in controversy in excess of $75,000. Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equip. & Erec-*

*tion Co. v. Kroger,* 437 U.S. 365, 372–74 nn. 13–16, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). Here, the parties do not dispute that the amount in controversy exceeds $75,000. It is also undisputed that Lee County Defendants are citizens of South Carolina, as is Plaintiff. [Entry # 1–1 at ¶¶ 1–2]. However, Removing Defendants argue that the citizenship of the Lee County Defendants should be disregarded for the purposes of determining diversity jurisdiction under the fraudulent joinder doctrine.

"To show fraudulent joinder, the removing party must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" *Hartley v. CSX Transp., Inc.,* 187 F.3d 422, 424 (4th Cir.1999) (internal citations omitted). The Fourth Circuit has described this standard as "even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6)." *Id.* (citations omitted). All the plaintiff needs to show is that there is a "glimmer of hope," *Mayes v. Rapoport,* 198 F.3d 457, 466 (4th Cir.1999), or a "slight possibility of a right to relief" in state court. *Hartley,* 187 F.3d at 426.

Defendants argue that Plaintiff has no possibility of recovering against Lee County Defendants because: (1) the issue of whether Plaintiff can regain title to the Property has already been decided by the courts; (2) Plaintiff cannot establish a cause of action against Lee County Defendants based solely on alleged bias or unfairness; (3) any claim against Lee County Defendants relating to the tax sale is not ripe because title will only be affected if

---

**4.** The United States Supreme Court denied writ of certiorari on December 2, 2013. *Laura Toney v. LaSalle Bank Nat'l Association,*

*Trustee,* 571 U.S. ——, 134 S.Ct. 696, 187 L.Ed.2d 552 (2013).

LaSalle timely redeems the Property; and (4) Plaintiff's claims against Lee County Defendants related to recording land records, drawing plats, and conducting tax sales are barred by the doctrines of sovereign immunity and the South Carolina Tort Claims Act ("SCTCA").

In her complaint and her motion to remand, Plaintiff alleges that Lee County Defendants drew an illegal plat and/or illegally partitioned the Property. [Entry # 1–1 at ¶¶ 3, 10]. Therefore, Plaintiff's claims against Lee County Defendants appear to be based on negligence in recording land records, drawing plats, and partitioning the Property. Although Removing Defendants assert that claims related to these actions are barred by the doctrine of sovereign immunity, they provide no argument in support and only generally cite the SCTCA as authority. Removing Defendants also cite to Lee County Defendants' motion to dismiss. However, a review of that motion, and the memorandum in support they filed two weeks later, reveals a failure to provide any substantive argument or authority for a sovereign immunity or SCTCA defense. [Entry # 26, # 47].

Removing Defendants have failed to meet their burden of establishing that Plaintiff does have the slightest possibility of recovering against Lee County Defendants, such that the court should apply the fraudulent joinder doctrine. The Supreme Court has commanded that when considering removal jurisdiction, federal courts must "scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941) (internal citations omitted). In addition, "[r]emoval statutes must be strictly construed against

removal," *Scott v. Greiner*, 858 F.Supp. 607, 610 (S.D.W.Va.1994), and a federal court must "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir.1993); *see also Palisades Collections LLC v. Shorts*, 552 F.3d 327, 333–34 (4th Cir.2008). The undersigned recommends that the district judge find that Removing Defendants have failed to establish diversity jurisdiction in this matter. In so recommending, the undersigned expresses no opinion on the merits of the claims against any defendant, but finds that Removing Defendants have not carried the heavy burden required to establish fraudulent joinder.

Therefore, the undersigned recommends that the district judge grant Plaintiff's motion to remand [Entry # 20] because Removing Defendants have failed to establish federal subject matter jurisdiction over Plaintiff's claims.[5]

### III. Conclusion and Recommendation

For the foregoing reasons, it is recommended that the district judge grant Plaintiff's motion to remand [Entry # 20] and remand this matter to the Court of Common Pleas for Lee County, South Carolina. If the district judge accepts this recommendation, all other motions pending in this action will be included in the remand for state court disposition.

IT IS SO RECOMMENDED.

Filed March 10, 2014.

---

**5.** The undersigned has not addressed the issue of whether all Defendants timely and properly consented to removal in light of the recommendation of remand based on a lack of subject matter jurisdiction.