**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Matthew Zetz, Appellant,

v.

Daniel Island Company, Inc.; Daniel Island Community Foundation, Inc.; Daniel Island Town Association, Inc.; Daniel Island Community Association, Inc.; and MGR Resources, Inc. d/b/a Moonlighting Landscape Systems, Defendants,

Of whom Daniel Island Company, Inc., is the Respondent.

Appellate Case No. 2022-001385

Appeal From Berkeley County
Roger M. Young, Sr., Circuit Court Judge

Unpublished Opinion No. 2024-UP-244
Submitted May 1, 2024 – Filed July 3, 2024

**AFFIRMED**

Lane Douglas Jefferies, Eric Marc Poulin, and Roy T. Willey, IV, all of Poulin, Willey, Anastopoulo, LLC, of Charleston, for Appellant.

Kenneth Michael Barfield and Diane Summers Clarke, II, both of Barnwell Whaley Patterson & Helms, LLC, of Charleston, for Respondent.

_____

**PER CURIAM:** Matthew Zetz appeals the circuit court's order granting summary judgment to Daniel Island Company, Inc. (Developer) and finding Developer's control over the property owners' association (the Association) that owned the park at issue was insufficient to render Developer liable. We affirm.

Zetz argues Developer had sufficient control over the Association, and subsequently the park, to be liable for his injuries. Initially, we find Zetz conflates two different theories of "control." First, he contends whatever entity controls the park is liable. *See Dunbar v. Charleston & W. C. Ry. Co.*, 211 S.C. 209, 216, 44 S.E.2d 314, 317 (1947) (stating premises liability "depends upon control, rather than ownership, of the premises"). Next, he asserts Developer is liable for his injuries because it controls the Association through selecting the members of its board. These are separate theories of control. The second theory relates to the law of corporations, not premises liability. Furthermore, the case law Zetz relies upon to support his theory of control has only been applied in the fiduciary duty context and is not relevant to our analysis. *See Walbeck v. I'On Co., LLC*, 439 S.C. 568, 587, 889 S.E.2d 537, 547 (2023) (holding a developer breached its fiduciary duties to a homeowners' association and its members due to its "nefarious conduct" and failure to convey certain amenities); *id.* at 585 n.11, 889 S.E.2d at 546 n.11 (stating a developer's fiduciary duties "stem from developer control of the entity, the ongoing nature of construction, and the transfer of common areas"). Additionally, Zetz cites no case law concerning a developer's control over a property owners' association as related to premises liability and an injured third party. Moreover, the record is clear that the Association owned and maintained the park for over fifteen years prior to the commencement of the underlying action. The Association's board conducted its business without input from Developer. Thus, we find the circuit court correctly determined Developer neither sufficiently controlled the park nor the Association to trigger liability.

To hold Developer liable, this court would need to use the theory of corporate amalgamation. Zetz expressly denied advancing this theory to the circuit court and argued Developer's ability to appoint members to the Association's board gives rise to its liability. This argument ignores the lack of evidence of bad faith or nefariousness in the record. *See Pertuis v. Front Roe Rests., Inc.*, 423 S.C 640, 655, 817 S.E.2d 273, 280 (2018) ("[C]orporations are often formed for the purpose

of shielding shareholders from individual liability; there is nothing remotely nefarious in doing that."); *id.* at 655, 817 S.E.2d at 281 ("Combining multiple corporate entities into a single business enterprise requires further evidence of bad faith, abuse, fraud, wrongdoing, or injustice resulting from the blurring of the entities' legal distinctions.").

Accordingly, the circuit court's order granting Developer's motion for summary judgment is

**AFFIRMED.**[1]

**WILLIAMS, C.J., and THOMAS and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.